Lenhoff, J.
The plaintiffs complaint seeks recovery of $9,960.00 for goods sold and delivered to the defendant, together with service charges, interest, costs and attorney’s fees.
In response thereto, the defendant’s answer denied liability, claimed that the involved goods were sold to a corporate entity, not to the defendant; that the goods were defective to be returned; and, that the plaintiff overcharged for said goods.
The facts reported reveal that the case was set for trial on June 22,1982 at 9:00 a.m.; that both parties appeared in court with the plaintiff prepared to proceed but the defendant requested a continuance; and, that same was granted with the trial scheduled by the Trial Court on July 8,1982 at 9:00 a.m.
At the call of the case for trial on July 8,1982, the plaintiff and witness were present ready to go forward. The defendant, not then being in court, the Trial Court entered a default, heard sworn testimony concerning the plaintiffs-claim and its damages; and, entered judgment for the plaintiff in the sum of $9,960.00 plus interest and costs. Subsequent to the foregoing action, the defendant appeared and requested that the entered default be removed with the case continued to enable him to secure counsel representation. The Trial Court denied the motion or request to continue and it gave the defendant the opportunity to present his defense. The defendant.informed the Trial Court that he was not able to go forward with any evidence. The Trial Court did not remove the default, allowing the judgment to stand.
Thereafter, on July 19,1982, execution issued with demand for payment by a Deputy Sheriff having been made on August' 11, 1982.
On or about September 23,1982, the defendant filed a Motion for Relief for Judgment, a Motion to Stay Execution, and a Motion to Vacate Judgment. The. Motions were heard on November 5,1982 and same were denied by the Trial Court. Being aggrieved by the denial of said motions, this matter is now before this tribunal for determination. - -
The decision to remove a default judgment is a matter of the trial court’s discretion. Riley v. Davison Construction Co., Inc., 381 Mass. 432, 441 (1980); Trustees of Stigmatine Fathers, Inc., v. Secretary of Administration and Finance, 369 Mass. 562, 565 (1976). No error of law can be shown by a Trial *4 Court’s refusal to remove such default judgment unless the record reveals an abuse of discretion. Askinas v. Goldman, 355 Mass. 792 (1969); and, such abuse may be found only by deciding “that no conscientious judge, acting intelligently, could honestly have taken” the view expressed by him. Bartley v. Phillips, 317 Mass. 35, 43-44 (1944); David v. Boston Elevated Railway, 235 Mass. 482, 502 (1920).
The Appellate Division confines its consideration to the facts of the case as set forth in the report. Said report contains therein the following verbiage:— “This Report contains all the material facts in the case.” Therefore, the additional facts appearing in the defendant’s brief cannot be introduced as supplemental thereto and such facts are disregarded in our deliberations. Household Finance Corp. v. Vogel, 362 Mass. 885 (1972); Coonce v. Coonce, 356 Mass. 690, 693 (1970).
We note that the docket discloses the filing of the complaint on January 28, 1982, the summons on March 11,1982, and, the defendant’s pro se answer on March 26, 1982.
A default is ordinarily imposed upon a party because of a refusal or failure to take some step required for the further progress of the action. Curley v. Boston Herald Traveler Corp., 314 Mass. 31, 32 (1943).
One who acts without benefit of counsel cannot claim any particular indulgence on that ground for he chose this predicament. Hunnewell v. Hunnewell, 15 Mass. App. Ct. 358, 362 (1983). Also, one has a right to self representation, but such right is not a license not to comply with relevant rules of procedure or substantive law; and, a pro se litigant is bound the same as a litigantwith counsel. International Fidelity Ins. Co. v. Wilson, 387 Mass. 841, 847 (1983).
The defendant sought to represent himself as he had a right to do so. In doing so, he seasonably filed an answer and appeared at court on the day set for trial, almost three months after so filing said answer. In response to his request for a continuance on June 22, 1982, the Trial Court approved said request and re-set the trial date to July 8, 1982 at 9:00 a.m. Said trial date ordered by the Trial Court thereupon became binding on all parties. On that date, the defendant appeared late after the case had gone to judgment with his default having been recorded. However, the Trial Court did give him the opportunity to defend with the case re-opened therefor. The defendant refused to proceed and requested a continuance to obtain representation. The Trial Court rejected said request.
Here, as in all cases, the Trial Court is the repository of inherent power to control its business. The failure of a party litigant to be ready for trial when reached or to fail to personally attend trial- at the stated time reveals or demonstrates a disinterest in litigation that we hold to be justifiable grounds for appropriate court action to terminate the proceedings.
In the case at bar, the defendant had ample time to obtain representation. Though the Trial Court made no findings of fact, it undoubtedly also so concluded from the docket entries and its action in re-scheduling the date of trial after the first scheduled trial date of June 22, 1982. Further, the Trial Court must possess power to enforce trial arrangements made pursuant to rule or its order; otherwise, it would be impotent in face of a recalcitrant party or one given to endless delay.
Concluding, based on the record and the docket, we find no abuse of discretion by the Trial Court in the denial of the defendant’s motions.
Finding no error, the report be and is hereby dismissed.