Furnari, J.
This is an action in contract to recover $145,746.29 in principal, interest, collection costs and attorneys’ fees allegedly owed on a promissory note given by the defendant-buyer as part payment for her purchase of the plaintiff’s property in New Ipswich, New Hampshire.
The defendant denied any outstanding balance on the note, and alleged inter alia, by way of affirmative defense and counterclaim, that she was not the real party in interest, that she had acted at all times as a disclosed agent for her nephew, that the note carried a usurious rate of interest and that the note was unenforceable on the ground of illegality.
Judgment was entered for the defendant, and the plaintiff now charges error in the trial court’s denial of his requests for rulings.
The report indicates that defendant Rita Cardinal purchased the plaintiff’s New Hampshire property for $150,000.00. The defendant obtained a $60,000.00 loan from Dime Real Estate Services of New Hampshire (“Dime”), the primary mortgagee of *50 the properly, and gave a $90,000.00 promissory note to the plaintiff for the balance of the purchase price. The promissory note was due and payable in full on December 30,1989, one year after the closing, carried no interest for the first year and provided for twenty-four (24%) percent annual interest on any outstanding balance thereafter. The note was secured by a second mortgage on the property.
The first mortgage was foreclosed by Dime and the property was sold on March 6,1992. The plaintiff purchased the property for $30,000.00 at the foreclosure sale. Given the deficiency after foreclosure sale on the first mortgage, the plaintiff received no part of the sale proceeds as second mortgagee.
The plaintiff testified at trial that no payment of the note principal was ever made by the defendant. The plaintiff further testified that defendant Rita Cardinal, and not her nephew Derek Cardinal, was at all times the principal in the purchase of the plaintiffs New Hampshire property. The report states that the defendant’s name and signature as purchaser and mortgagor appeared on the following documents which were introduced into evidence: the note and first mortgage to Dime; the promissory note at issue and second mortgage to the plaintiff; the deed; certain unidentified closing documents; and a February 1,1990 sales agreement with third parties which was obviously never consummated. It was stipulated by the parties that the defendant claimed personal income tax deductions in the years 1988, 1990 and 1991 for real estate taxes, mortgage interest and depreciation on the subject property.
Neither the defendant, nor any other witness, testified in the defendant’s behalf.
The trial judge made no special or written findings of fact, and entered a general finding for the defendant.
1. Plaintiff’s requests for rulings numbers 5 and 6[1] sought a determination that defendant Rita Cardinal, and not her nephew Derek Cardinal, was at all times the principal party in regard to the promissory note at issue and second mortgage. The trial judge’s denial of these requests constituted error.[2]
Apart from the conclusory and unsubstantiated allegations of the defendant’s answer, the record before this Division is devoid of any reference to Derek Cardinal as a party to the transaction at issue. The plaintiff testified that he contracted with the defendant and not her nephew, and such testimony was not contradicted by any witness called by the defendant or by any document introduced into evidence. Indeed, the defendant’s signature, with no designation or suggestion of representative capacity, appears on every document relevant to the parties’ transaction, including the promissory note which forms the basis of the plaintiff’s claim. The defendant’s answer contains an express admission of her signature and *51 execution of the note. Under such circumstances, the defendant could not avoid liability to the plaintiff herein for any outstanding balance on the note simply by alleging that she had acted as a disclosed agent for her nephew. See Norfolk County Tr. Co. v. Vichinsky, 5 Mass. App. Ct. 768 (1977).
2. On the basis of the record before us, the trial judge’s erroneous rulings on plaintiffs requests 5 and 6 cannot be eliminated as the probable basis for the court’s general finding for the defendant. Such error cannot, therefore, be seemed harmless, and we are compelled to order a new trial of this action. Such order renders unnecessary any consideration of the plaintiff’s remaining requests.
We note that both parties discussed in their briefs and in oral arguments before this Division the possibility that the trial judge’s finding for the defendant was instead based on a ruling that the defendant’s promissory note was unenforceable on the grounds of illegality. Beyond a general allegation of illegality in the defendant’s answer, the trial judge’s report to this Division is devoid of any suggestion that the affirmative defense of illegality was proven, or even considered, at trial. Neither party requested a ruling of law on this issue. Further, the documents which defendants counsel suggests disclose the illegality are neither attached to, nor identified in, the report.[3] Appellate review by this Division entails consideration of actual trial court rulings in the light of applicable law and on the basis of an established report of evidence and proceedings. Speculation as to possible trial court rulings based on unreported evidence forms no part of the appellate process.
Moreover, even assuming arguendo that there was evidence at trial that the plaintiff and defendant conspired to obtain a first mortgage loan from Dime by illegal means, such illegality would not automatically render unenforceable the defendant’s promissory note to the plaintiff, as both parties appear to assume. Starr v. J. Abrams Construc. Co., 16 Mass. App. Ct. 74, 78 (1983). Once a contractual illegality is found, the dispositive issue is “whether a consequence beyond [any] prescribed by statute, should attach, inhibiting recovery.” Town Planning & Engr. Assoc. v. Amesbury Specialty Co., 369 Mass. 737, 745 (1976). Resolution of this issue depends upon a balancing of the following factors:
“what was the nature of the subject matter of the contract; what was the extent of the illegal behavior, was that behavior a material or only an incidental part of the performance of the contract...; what was the strength of the public policy underlying the prohibitions; how far would effectuation of the policy be defeated by denial of an added sanction; how serious or deserved would be the forfeiture suffered by the plaintiff, how gross or undeserved the defendant’s windfall.”
Town Planning & Engineer. Assoc, v. Amesbury Specialty Co., supra at 745-746; See also, Harness Tracks Security, Inc. v. Bay State Raceway, Inc., 374 Mass. 262, 366-367 (1978); Starr v. J. Abrams Construc. Co., supra at 79. As noted, the report before us does not indicate that the trial court’s judgment for the defendant was predicated upon such consideration and ultimate ruling on the question of illegality.
Accordingly, the trial court’s judgment for the defendant is vacated. This matter is returned to the Somerville Division for a new trial.

‘5. The Defendant, Rita Cardinal, was at all times relevant hereto a principal and not an agent, in regard to the mortgage and rate of December 30, 1988 wherein the Plaintiff, Paul Fillion, is the mortgagee and payee.
“6. Derek Cardinal was at no time relevant hereto a principal in regard to the said mortgage and note of December 30,1988 wherein the Plaintiff, Paul Fillion, is the mortgagee and payee.”

Plaintiff’s requests 5 and 6 did not constitute requests for findings of fact to which a party is ordinarily not entitled upon mere request in a district court civil action. See Dist./Mun. Cts. R. Civ. R, Rules 52 (a); Ashapa v. Reed, 280 Mass. 514, 516 (1932). Nor is there any indication that the trial judge’s denial of these requests was intended as anything other than a substantive rejection of the plaintiff’s proposed rulings. Although the question of agency is customarily one of fact, the construction of an unambiguous written contract and the identification of the signatories to such contract are questions of law. It is the latter legal ruling which was sought by the plaintiff in requests 5 and 6. Moreover, a question which is ordinarily one of fact may become a question of law where, as in the instant case, the party with the burden of proof introduces no evidence and the opposing party’s evidence is undisputed and largely documentary.

The documents purportedly include a Fannie Mae Affidavit and “RESPA” or HUD Statement submitted to Dime to obtain mortgage financing, and signed under oath by both the plaintiff and defendant. It was purportedly represented by both parties in such documents that there was no secondary or subordinate financing and that the defendant had a cash equity in the property of $90,000.00. False statements made to United States agencies to obtain a loan are punishable by fine or imprisonment under 18 U.S.C. §§1001,1010. In this Commonwealth, obtaining a bank loan by false pretenses constitutes larceny. G.L.c. 266, §§30, 33 and 34. The defendant has not cited a comparable New Hampshire statute.