Sherman, PJ.
This is an action to recover a deficiency after foreclosure on a mortgage given by defendant Joseph F. DiRico, II for a 1987 purchase of condominium investment property. Summary judgment was entered for the plaintiff, Baybank. Following the denial of his motion for reconsideration, the defendant brought this Dist./Mun. Cts. R. A. D. A., Rule 8C appeal.
Baybank commenced this action in February, 1994, and filed and served an amended complaint in September, 1994.[1] The amended complaint stated that on November 22,1987, the defendant executed a promissory note and adjustable rate mortgage in the principal amount of $102,400.00 to obtain Baybank financing for the defendant’s purchase of a condominium unit in Taunton, Massachusetts. The amended complaint further indicated that the defendant defaulted in his mortgage payments; that a statutory notice of deficiency and foreclosure sale was issued by Baybank; that the property was sold at public auction on April 5, 1993 for $53,600.00; and that a balance of $62.204.00 plus foreclosure costs and interest was owed by the defendant. Attached to Baybank’s amended complaint were copies of the promissory note signed by the defendant and the statutory notice.
The defendant’s answer admitted his execution and delivery of the note and mortgage in question, but denied liability for any balance due on the grounds of a “fraud perpetrated by the plaintiff against the defendant.” By way of affirmative defense and counterclaim for fraud and G.L.C. 93A damages, the defendant alleged, inter alia, that although the condominium seller and developer, Renbel Development Corp. (“Renbel”), had represented to Baybank that a downpayment of twenty (20%) percent of the purchase price had been paid, no downpayment of that amount was made; and that a second mortgage of $30,000 in favor of Renbel was instead placed on the property by P. Burke Fountain (“Fountain”), the attorney hired by Baybank to handle file closing, and signed by the defendant. The defendant further alleged that Fountain prepared, and the defendant and Renbel both signed, a Federal National Mortgage Association (“Fannie Mae”) Affidavit which falsely represented that there was no secondary or subordinate financing and that the defendant had a $25,000.00 cash equity in the property.
*31 On March 9, 1995, Baybank moved for summary judgment on the basis of its amended complaint, the defendant’s answer and an affidavit by Baybank collections officer Bernard Levine (“Levine”). Levine averred, inter alia, that Baybank approved a $102,400.00 mortgage on the condominium which had been assessed in 1987 for $129,000.00; that the defendant duly executed and delivered the note and mortgage in question; that an appraisal ordered by Baybank after the defendant’s default showed the condominium to have been worth only $60,000.00 as of November 6,1993; and that the total balance owed by the defendant after foreclosure was $67,949.72 plus interest.
The defendant did not file a Dist./Mun. Cts. R. Civ. R, Rule 56 counter-affidavit, but instead submitted an unverified response by his attorney which essentially reiterated the allegations of the defendant’s answer and counterclaim. The only additional allegations in the unsworn response were that Baybank and Renbel had “installed” successive tenants in the condominium, who defaulted in their rental payments to the defendant and were responsible for severe damage to the premises.
On April 18, 1995, after hearing, the court allowed Baybank’s summary judgment motion for the full amount of its claim.
On May 19,1995, after retaining new counsel, the defendant filed a motion to reconsider on the grounds that prior counsel had failed to oppose Baybank’s summary judgment motion with affidavits and other documentary evidence which would have demonstrated that the mortgage note was void or voidable because of misrepresentation, mutual mistake and illegality. Also filed were a motion to amend the defendant’s answer and counterclaim, and affidavits by the defendant. The defendant averred that he had been approached by a representative of New Concepts, Inc. (“New Concepts”) about a condominium investment opportunity; and that New Concepts made oral and written representations that Baybank would provide financing, New Concepts would provide tenants and that condominium operating expense deductions and depreciation would yield significant after-tax profits. The defendant stated that he neither confirmed such information with his accountant, nor visited the condominium site, but instead purchased the property in reliance on New Concepts’ representations. The defendant further averred that because the deductions were ultimately disallowed, he suffered an after-tax loss of $30,000.00, plus additional losses due to damage by tenants.
The defendant also averred that at the closing, he signed both a Fannie Mae Affidavit and a Department of Housing and Urban Development (“HUD”) Settlement Statement which falsely represented that a cash deposit of $28,000.00 had been paid, and that there was no secondary financing; that he neither read, nor understood, these documents; and that he gave a second mortgage to Renbel in the amount of $12,800.00.
The trial court denied the defendant’s motion for reconsideration, ruling that:
[wjhereas both sides were represented by counsel at the hearing for summary judgment; whereas there is no new information, no new facts raised; whereas ’new facts’ as asserted by defendant are allegations refuted by affidavits, are irrelevant or misstate law; therefore, motion denied.
Based on such ruling, the court also denied the defendant’s motion to amend his answer and counterclaim.
1. A court retains the power to reconsider and revise any decision, order, ruling or finding in a case until the entry of final judgment. ISK Con of New England v. Boston, 19 Mass. App. Ct. 327, 329 (1985). Where, as in the instant case, there has been no change of circumstances, a judge is not obligated to reconsider a prior ruling; the decision to do so rests within the judge’s discretion. Chase Precast Corp. v. *32 John J. Paonessa Co., 409 Mass. 371, 379 (1971); Old Colony Bank & Tr. Co. of Middlesex Cty. v. Tacey Transp. Corp., 10 Mass. 825, 827 (1980). A judge may simply elect to deny a motion to reconsider, and the bare denial thereof ordinarily indicates that the judge declined to entertain and consider the motion on its merits. Peterson v. Hopson, 306 Mass. 597, 602 (1940); Commonwealth v. Silva, 25 Mass. App. Ct. 220, 224-225 (1987).
In the present case, the trial court conducted a hearing on the defendant’s reconsideration motion, and rendered a decision which suggests that the motion was fully considered on its merits. Accordingly, our review of the court’s denial of the defendant’s motion to reconsider necessarily entails a substantive determination of whether the defendant’s affidavits and supporting documents presented material facts which required the vacating of the court’s prior allowance of Bay-bank’s summary judgment motion.
2. There is no merit to the defendant’s principal contention that summary judgment should not have entered for Baybank because its violations of 18 U.S.C. §§1001,1005 and 1010,[2] in inserting false information in the Fannie Mae Affidavit and HUD Settlement Statement, rendered the mortgage note void for illegality and absolved the defendant of any liability therefor.
Sections 1001 et. seq. of Title 18 of the United States Code are criminal statutes which impose specific fine and imprisonment penalties for making false or fraudulent statements to federal agencies. Nowhere in these statutes is there any provision which renders void an underlying contract, note or other obligation, or permits a party to claim a violation of the statute as a defense to contractual liability in a civil proceeding. In this Commonwealth, where a statute affords specific remedies and is silent as to any effect on the validity of the underlying transaction, courts have
consistently stated [their] unwillingness to assume, in the absence of a specific legislative mandate, that the Legislature intended to effect a forfeiture of private contractual rights.
Valley Stream Teachers Credit Union v. Commissioner of Banks, 376 Mass. 845, 852 (1978) (credit union’s violation of G.L.c. 171, §16 in failing to obtain approval of Commissioner of Banks for loan did not render void its loan obligations). See also, Starr v. J. Abrams Construc. Co., 16 Mass. App. Ct. 74, 81 (1983) (non-disclosure to FHA of oral agreement in violation of 18 U.S.C. §1010 did not render agreement void for illegality). Massachusetts cases uniformly “warn against the sentimental fallacy of piling on sanctions unthinkingly once an illegality is found.” Town Planning & Eng. Assoc., Inc. v. Amesbury Specialty Co., 369 Mass. 737, 746 (1976).
Thus contrary to the defendant’s contentions in the instant case, Baybank's alleged violation of Federal statutes did not automatically render the defendant’s promissory note and mortgage unenforceable. Fillion v. Cardinal, 1994 Mass. App. Div. 49, 51. It remained discretionary with the trial court to determine, as a matter of law, the respective rights and liabilities of the parties. Massachusetts Mun. Wholesalers Elec. Co. v. Danvers, 411 Mass. 39, 55 (1991). Utilizing applicable standards, *33 [3] it is clear that the "vector of considerations” supports the trial court’s Rule 56 determination that the defendant’s promissory note was enforceable against him. Valley Stream Teachers Fed. Credit Union, supra at 853. Principal among these considerations is the fact that the defendant, in signing the Fannie Mae and HUD documents, was a party to the very illegality he now claims as a defense, and would enjoy an undeserved windfall if the note were declared void. Further, a cancellation of the plaintiff’s indebtedness would result in a loss to the Bank and its customers, and would thus defeat the purpose and policy of the Federal statutes, as they relate to banking, to preserve the soundness of financial institutions so as to protect the interests of their depositors and, ultimately, taxpayers. Finally, as the defendant’s note and mortgage were held by Baybank, never assigned to Fannie Mae or the Federal Home Loan Mortgage Association or sold in any secondary market, and were not contingent upon FHA funding, the alleged illegality did not constitute a material part of the defendant’s loan contract.[4]
3. Similarly, Baybank’s alleged illegality could not serve as the basis for a G.L.c. 93A recovery in counterclaim or setoff by the defendant herein. It is established that violations of the criminal fraud provisions of Title 18 of the United States Code do not give rise, expressly or by implication, to a civil cause of action. Fiorino v. Turner, 476 F. Supp. 962, 963 (D.Mass. 1979). See also, Federal Sav. & Loan Ins. Corp. v. Reeves, 816 F. 2d 130, 138 (4th Cir. 1987). The defendant could not claim G.L.C. 93A damages solely on the basis of Baybank’s alleged violation of federal anti-fraud statutes, Action Ambulance v. Atlanticare Health Serv. Inc., 815 F. Supp. 33, 39-40 (D. Mass. 1993), or of any federal law that was not a consumer protection statute. Sweeney v. Resolution Trust Corp., 16 F. 3d 1, 5 (1st Cir. 1994) (violation of Federal banking regulation governing mortgage loan-to-value ratios could not serve as basis for G.L.c. 93A claim).
4. Finally, the defendant has failed to advance adequate or competent proof that his promissory note to Baybank was void or voidable because of the alleged fraudulent misrepresentations of New Concepts. Even assuming arguendo that the *34 defendant’s averments are sufficient to demonstrate that New Concepts’ sales and promotional representations could be deemed actionable statements of fact rather than of opinion or judgment, see generally Cassano v. Gogos, 20 Mass. App. Ct. 348, 353-354 (1985), and that the defendant’s reliance on the same in deciding to purchase the condominium could be found to have been reasonable, see generally, Page v. Frazier, 388 Mass. 55, 67-68 (1983), there remains a total absence of any material fact which suggests that New Concepts served as Baybank’s agent or employee so as to render Baybank liable for New Concepts’ representations. The defendant’s averment that he was told by third persons that Baybank hired New Concepts is inadmissible hearsay which is insufficient to defeat a summary judgment motion. Symmons v. O’Keeffe, 419 Mass. 288, 295 (1995); Madsen v. Erwin, 395 Mass. 715, 721 (1985). We may assume that, in reviewing the defendant’s motion for reconsideration, the trial court properly disregarded the defendant’s hearsay assertion. Yovino v. Fish, supra at 445. Therefore, to the extent that the defendant has established the existence of a material issue of fact as to fraud in the inducement of his agreement to purchase the condominium, there is no evidence that Baybank may be held vicariously liable for such fraud, or that such fraud may in any way excuse the defendant’s indebtedness on his promissory note to Bay-bank.
Accordingly, there was no error of law in the trial court’s denial, after reconsideration, of the defendant’s motions. The courfs rulings are affirmed, and the defendant’s appeal is dismissed.

The plaintiff’s two-sentence reference in his brief to Dist./Mun. Cts. R. Civ. R, Rule 4(j) does not rise to the level of acceptable appellate argument. Dist./Mun. Cts. R. A D. A., Rule 16(a)(4). See generally, Powers v. Secretary of Admin., 412 Mass. 119, 130 (1992); Cameron v. Carelli, 39 Mass. App. Ct. 81, 85-86 (1995). Further, we decline to consider any issue raised for the first time on appeal. McCormick v. Labor Relations Comm., 412 Mass. 164, 167 (1992); Ainslie Corp. v. Commissioner of Revenue, 38 Mass. App. Ct. 360, 364 (1995).

In reviewing the defendant’s illegality arguments as grounds for his reconsideration motion, it is unnecessary to decide whether Baybank in fact violated federal criminal statutes. It should be noted, however, that the burden of proving such illegality was on the defendant. Wasserman v. Roach, 336 Mass. 564, 568 (1958). The defendant never produced a copy of the purportedly fraudulent HUD Settlement Statement. The only copy of the Fannie Mae Affidavit filed by the defendant in conjunction with an earlier motion is unsigned, and is dated October 28, 1987. The defendant also failed to submit a copy of the alleged second mortgage to Renbel which the defendant alternatively claimed was for $30,000.00 or $12,800.00.

 The relevant considerations include the nature of the subject matter of the contract, the extent of the illegal behavior, whether that behavior was a material or only incidental part of the contract, the strength of the public policy underlying the prohibition, the extent to which effectuation of the policy would be defeated by a denial of the added sanction, how serious or deserved would be the forfeiture suffered by the plaintiff, and how gross or undeserved would be the defendant’s windfall. Town Planning & Eng. Assoc. v. Amesbury Specialty Co., supra at 745-746.

This fact renders inapposite the 1945 decision of Kokernot v. Gilstrip, 187 S.W. 2d 368 (Texas 1945), the sole authority cited by the defendant for the proposition that his promissory note is unenforceable. In Kokernot, the buyer and seller signed and actually submitted to the FHA a statement which misrepresented the amount of the downpayment and falsely stated that there was no secondary financing. Further, the financing arrangement in Kokernot was contingent upon receiving an FHA approved loan and was thus dependent upon the fraudulent statement submitted to the FHA.
In an apparent effort to establish that Baybank violated Title 18 by merely preparing fraudulent documents even though the same were never submitted to Fannie Mae, the defendant averred “upon information and belief’ that the documents were retained in Baybank loan files for review by the FDIC during federal audits. First, affidavits must rest on personal knowledge, and averments upon information and belief are devoid of probative value. Yovino v. Fish, 27 Mass. App. Ct. 442, 445 (1989). Moreover, as discussed above, Baybank’s alleged illegal conduct in this regard, even if proven, would still fail to constitute a material or integral part of the defendant’s loan contract, and would not affect his liability for the balance due thereon.