Coven, J.
This is an action in contract to recover the balance due on a promissory note executed by the defendant as co-maker. After trial, judgment was entered for the plaintiffs in the amount of $14,861.67, plus interest and costs. The defendant has appealed pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8C.
The plaintiffs were the owners of a three-family residential apartment building in Haverhill, Massachusetts, On February 19,1987, the defendant and his brother, John Pollano, purchased the property from the plaintiffs for investment purposes. They obtained a first mortgage on the property from Family Mutual Savings Bank (“Family Bank”), and received a loan from the plaintiff-sellers for the $35,000.00 balance of the purchase price. The defendant and his brother executed a promissory note for that amount which was secured by a second mortgage on tire premises. The mortgage was recorded on February 20,1987. All documents for the second mortgage and promissory note were prepared by the attorney for Family Bank.
The defendant maintained the property for investment purposes and collected rent from the building’s tenants. In December, 1987, John Pollano conveyed his title and interest in the property to the defendant. By the second half of 1993, the defendant was in default in his payments on the promissory note at issue herein.
In December, 1993, the plaintiffs entered into an oral agreement with John Poll-ano which released him from his obligations under the note and mortgage in return for his payment of $5,000.00. The defendant alleges that this oral agreement *98 was in fact an understanding that both he and his brother, John Pollano, would be released from the $23,000.00 balance owed on the note upon the payment of $10,000.00. There was no written agreement modifying the original note or mortgage, and there was no written accord and satisfaction.
The defendant made a series of payments to the plaintiffs which totaled $4,500.00. On May 31,1994, the defendant presented an additional $500.00 to the plaintiffs and requested a release.[2] The plaintiffs refused to sign. They subsequently threatened to sue the defendant for the outstanding balance on the note, and communicated with John Pollano about his brother’s debt in an effort to induce the defendant to pay the arrearage.
1. The defendant contends that the trial court’s enforcement of the note was error because the promissory note was tainted with illegality and violative of public policy. He argues initially that the note and second mortgage were secret and unknown to the first mortgagee, Family Bank, and were executed in such a manner as to perpetrate a fraud upon that bank. The defendant Med, however, to assert any facts at trial which would have required such a finding.
It is undisputed that the note and second mortgage documents were prepared by the Bank’s attorney. As an agent, the attorney had the “duty to make full disclosure of all material facts relevant to that agency” to his principal, Family Bank. Gagnon v. Coombs, 39 Mass. App. Ct. 144, 156 (1995). See also RESTATEMENT (SECOND) AGENCY §381 comment a. Further, the knowledge of the attorney-agent is imputed to the principal, Family Bank, Sunrise Properties, Inc. v. Bacon, Wilson, Ratner, Cohen, Salvage, Fialky & Fitzgerald, PC, 425 Mass. 63, 66-67 (1997); Churgin v. Hobbie, 39 Mass. App. Ct. 302, 306 (1995); Tremont Trust Co. v. Noyes, 246 Mass. 197, 206 (1923), and there was no evidence to suggest that information about the note and second mortgage was not provided to the Bank.
2. The burden was on the defendant to raise and prove the affirmative defense of illegality or a violation of public policy, Hastings Associates v. Local 369 Bldg. Fund, 42 Mass. App. Ct. 162, 173 (1997).[3] He failed to sustain such burden.
First, the defendant advanced no evidence that the second mortgage was in violation of any law or any public policy. There is no allegation, e.g., of fraud in any Fannie Mae affidavit or HUD document, and no indication that the transaction violated the Home Owners’ Loan Act. Compare Council v. Cohen, 303 Mass. 348, 352 (1939); BayBank v. DiRico, 1996 Mass. App. Div. 30, 32. Nor is there any suggestion of any misstatements in the application for the first mortgage. Compare Starr v. J. Abrams Construc. Co., 16 Mass. App. Ct. 74, 75 (1983).
Second, even if the defendant had satisfied its burden of proving that the parties illegally or fraudulently conspired to obtain a mortgage from Family Bank, he would not have been entitled to a judgment in his favor as a matter of law on the plaintiffs’ promissory note claim. While as a general rule, courts will neither aid in the enforcement, nor afford relief against the consequences, of an illegal contract where the parties are in equal fault, Council v. Cohen, supra at 354; Berman v. Coakley, 243 Mass. 348, 350 (1923), illegality per se does not automatically render the contract unenforceable, Joffe v. Wilson, 381 Mass. 47, 56 (1980); Starr v. J. Abrams Construc. Co., supra at 78-79; BayBank v. DiRico, supra at 32.
A trial court will instead determine whether recovery may be had upon the illegal contract in the light of all relevant circumstances, including:
*99 the nature of the subject matter of the contract... the extent of the illegal behavior ... [whether] that behavior [was] a material or only an incidental part of the performance of the contract ... the strength of the public policy underlying the prohibition; how far ... effectuation of the policy [would] be defeated by denial of an added sanction; how serious or deserved would be the forfeiture suffered by the plaintiff, how gross or undeserved the defendant’s windfall.
Town Planning & Engineering Assoc. v. Amesbury Specialty Co., 369 Mass. 737, 745 (1976). Applying these factors in the instant case, it is evident that enforcement of the promissory note was well within the trial judge’s discretion. Even apart from the fact that the defendant has failed to establish any illegality, the record is clear that the defendant knowingly and voluntarily entered into the loan transaction with the plaintiffs after having closed on the property and executed the first mortgage and note the day before. The defendant was thus a voluntary party to the alleged illegality he now claims as a defense, and would enjoy an unjust windfall if the note were declared void. Both parties to the second mortgage loan enjoyed equal bargaining strength, acted voluntarily and with full knowledge of the first Family Bank mortgage, and derived an economic benefit from their transaction.
3. The defendant does not dispute that any modification of the mortgage or promissory note would have been governed by the Statute of Frauds. He instead contends that the plaintiffs should be estopped from relying on that defense because they entered into a valid oral agreement in the nature of an accord and satisfaction or novation and the defendant altered his position on the basis of such oral agreement. Andrews v. Charon, 289 Mass. 1, 5 (1935).
“Estoppel entails a representation which induces a course of conduct detrimental to the person who reasonably relied on the representation.” Bird v. Bird, 24 Mass. App. Ct. 362, 366 (1987). See also Boylston Develop. Group v. 22 Boylston St. Corp., 412 Mass. 531, 542 (1992). In the instant case, the defendant failed to advance any evidence that he had materially changed his position or relied on the plaintiffs’ oral agreement to his substantial detriment, and that he would suffer an “unjust and unconscientious injury and loss,” Nessralla v. Peck, 403 Mass. 757, 761 (1989), if the plaintiffs were not estopped from asserting a Statute of Frauds defense. At the time the plaintiffs allegedly agreed to release the defendant from his note obligation for $5,000.00, the defendant owed a balance on the note of $23,000.00. The defendant cannot claim an egregious injury or economic detriment simply because he made payments to the plaintiffs to secure a release which exceeded the amounts called for by the note payment amortization schedule, but which were substantially less than the total amount he owed on the note.
3. Finally, there was no error in the court’s finding for the plaintiffs on the defendant’s counterclaim for unfair and deceptive debt collection practices pursuant to G.L.c. 93, §49 and the regulations established at 940 CMR 7.04,7.06.
By its express terms, G.L.c. 93, §49 applies only to transactions “for personal, family or household purposes.” Similarly, the “debt” to which the regulations in question apply is defined at 940 CMR 7.03 as:
money or its equivalent which is, or is alleged to be, more than 30 days past due and owing ... under a single account as a result of a purchase, lease, or loan of goods, services, or real or personal property, for personal. family, or household purposes or as a result of a loan of money which is obtained for personal, family or household purposes; provided, however, that money which is, or is alleged to be, owing as a result of a loan secured by a first mortgage on real property, or in an amount in excess of $25.000.00 shall not be included within this definition of ‘debt’ [emphasis supplied].
*100 The question of whether the parties’ second mortgage loan transaction herein was for personal or commercial purposes was a question of fact for the trial judge. Billings v. Wilson, 397 Mass. 614, 616 (1986); Begelfer v. Najarian, 381 Mass. 177, 190-191 (1980). The record indicates that the defendant purchased the three-family apartment building solely as investment property. The defendant never lived on the premises, and continually collected rental income. Moreover, the $35,000.00 principal amount of the promissory note and second mortgage exceeded the $25,000.00 limit for loans to which the regulations in question apply. In short, the evidence supports the trial court's determination that the parties’ transaction was not governed by the unfair debt collection statute and regulations relied upon by the defendant in his counterclaim.
Accordingly, the trial court’s judgment for the plaintiffs is affirmed. The defendant’s appeal is dismissed.
So ordered.

 The $9,500.00 payment by the Pollanos ($5,000.00 by John Pollano and $4,500.00 by the defendant) exceeded by approximately $6,000.00 the payments then due under the note’s payment amortization schedule.

 While the defendant made a general allegation of illegality in his answer, he Med to plead this affirmative defense as required by Mass. R. Civ. P., Rule 8(c). See O’Donnell v. Bane, 385 Mass. 114, 116 (1982).