Kelly, J.
The plaintiff appeals from the allowance of the defendants' motion to dismiss[3] the six count complaint. The motion was allowed by the motion judge without written findings or rulings. Without the benefit of written findings or an opinion we are unable to determine the soundness of the allowance of the motion.[4]
A motion pursuant to Mass. R Civ. P., Rule 12(b) (6) will only be allowed when the Court determines that as a matter of law the plaintiff is not entitled to any relief based on any set of facts even if the theory asserted in the complaint may not be appropriate. Nader v. Citron, 372 Mass. 96 (1977). Such a motion tests the sufficiency of the plaintiff’s complaint. It is not addressed to judicial discretion and all allegations in the plaintiffs complaint, and inferences therefrom, are to be taken as true by the motion judge. See, Hobson v. McLean Hospital Corp., 402 Mass. 413 (1988).
The plaintiffs complaint, asserting common law causes of action against the defendants, seeks to recover a portion of the fine it paid to the Alcoholic Beverages Control Commission for serving alcohol to the defendant Tiffany Kopp, an underage drinker. While the legal claims appear novel, dismissal at this stage of the proceedings is not proper.[5] Viewed in this light we are unable to conclude that it is beyond doubt that plaintiff can prove as a matter of law no set of facts which would entitle it to some relief. Therefore, we cannot sustain the allowance of the motion to dismiss.
We do, however, dismiss the action against Dr. & Mrs. Stewart Kopp for other reasons. Dr. & Mrs. Kopp filed an affidavit in support of the motion to dismiss in which they stated that they were never served with summonses or the complaint. *104 A review of the docket substantiates that service was not made upon them. Massachusetts Rule of Civil Procedure 4(j) requires dismissal when a defendant is not served with a summons and complaint within ninety days of the filing of the complaint. The plaintiff has not shown good cause why Dr. & Mrs. Kopp were not served within that time limit.[6]
The allowance of the motion to dismiss is, therefore, vacated and the matter is to be returned to the listfor trial. Pursuant to Mass. R. Civ. R, Rule 4® the action is dismissed against the defendants Dr. & Mrs. Stewart Kopp.

 We treat the motion as it is titled, that is, a Mass. R. Civ. R, Rule 12(b) (6) motion to dismiss for failure to state a claim upon which relief can be granted. There is nothing in the record that persuades us that the motion judge treated it as a Rule 56 motion for summary judgment. Cousineau v. Laramee, 388 Mass. 859, 864 n. 2 (1983).

 A motion judge is not required to make written findings, however, with such a broad standard of review in favor of the plaintiff, findings in support of the judge’s allowance might have rendered not only our review but further proceedings unnecessary.

 Jenkins v. Jenkins, 15 Mass. App. Ct. 934 (1983). A plaintiff administrator’s suit for his brother’s violation of an assumed fiduciary duty dismissed for failure to state a claim upon which relief can be granted. On appeal, the Appeals Court held that a complaint setting forth unique or unusual theories of liability cannot be dismissed if the court concludes that some set of facts might entitle the plaintiff to relief.

 The plaintiff had the opportunity to file a countervailing affidavit containing its reasons for the Mure to timely serve Dr. & Mrs. Kopp. The plaintiff did not file such an affidavit.