Rutberg, J.
Plaintiff-Appellant Richards commenced a small claim against defendants-appellees in the East Brookfield District Court claiming a sum due for cellular phone service billed to the plaintiff but actually used by or for defendants. Defendants’ counsel made a motion to remove the case to the regular civil docket. G.L.C. 218, §24 and Small Claims Rule 4. The motion came before the Clerk-Magistrate who determined that defendants’ underlying interest in removing the case to regular docket was to obtain discovery. The Clerk-Magistrate brokered a voluntary arrangement for plaintiff to produce certain documents to defendants’ counsel prior to a rescheduled small claims hearing date. All parties were in accord with the Clerk-Magistrate’s suggestion, and the small claims trial was continued for about two weeks.
Plaintiff was unable to provide defendants’ counsel with the agreed upon discovery in time for the continued trial date, and counsel and plaintiff agreed to further continue the trial to allow plaintiff an opportunity to comply with his previous agreement. When the parties learned that the small claims trial could not be continued without the appearance of at least one of the parties, plaintiff agreed to so appear and obtain the continuance. Plaintiff did appear, but did not continue the trial; rather, plaintiff obtained a default judgment against the defendants in the amount of the original claim plus costs. Immediately upon learning of what tran *217 spired, defendants moved for a new trial and again asked to have the case removed to the regular civil docket. This motion was filed on November 9, 1998 and defendants’ counsel faxed a copy to the plaintiff with a notice of motion indicating that the motion would be heard later that same day; and, defendants’ return of service further indicates that counsel advised plaintiff of the time of the hearing telephonically four hours before the hearing. The motion judge then continued the motion hearing from November 9 to November 12, 1998. Plaintiff did not appear on either November 9th or November 12th, and defendants’ motions were allowed; however, plaintiff did not receive notice of the allowance of the motions until some time in January 1999, at which time he filed his notice of appeal.
Plaintiff contends that he was not served with the November 9th motions according to the time requirements of M.R.C.P., Rule 6(c). This Rule requires that civil motions be “served no later than 7 days before the time specified for the hearing, unless a different period is fixed by... order of the court.” Id. This section of Rule 6 goes on to allow the court to order a different time period “on ex parte application,” which is what the record shows occurred in this case. The motion judge on November 9,1998 treated defendants’ notice of motion as an application for a short order of notice which he granted for November 12,1998. While plaintiff claimed dining his oral argument that he was not formally apprised of the November 12th date, he did not raise this issue in his brief; and, we are not obliged to rule on it. Cf. Mass. RA.R, Rule 16(a)(4). Parenthetically, we note that if plaintiff wanted to raise such an issue, he would have had to first address it to the motion judge who ultimately ruled on the motion in order that predicate factual findings could have been made.[2] While we can only conjecture on the results of such a request had the matter been so referred, we note that the trial judge would have been ultimately confronted with the dictum of Daum v. Delta Airlines, Inc. that “a judge should rarely, if ever, exercise his discretion to prevent removal [of a small claim to the regular docket].” 396 Mass. 1013, 1014 (1986).
Plaintiff raises a second issue on appeal that the allowance of defendants' motions were based upon errors of law. Both motions were within the discretion of the trial judge and, there was no abuse of discretion in this case. As noted above, the motion to remove is rarely denied; and, given the fact that defendants’ counsel’s failure to appear, which led to the original default judgment, was based upon his good faith belief that plaintiff would simply continue to hearing to a future date to allow plaintiff to comply with his previous promise to provide discovery, the denial of the motion for new trial would more likely constitute abuse than its allowance.
As part of plaintiff’s claim that the allowance of these motions was based upon an error of law, plaintiff also maintains that both motions were adjudicated by the Clerk-Magistrate and therefore their allowance was subject to the doctrine of res judicata. “The doctrine of res judicata, therefore, applies where the issues have in fact been fully tried....” Whitney v. Whitney, 299 Mass. 547, 551 (1938). In the case at hand, the Clerk-Magistrate never actually ruled on defendants’ motions, he simply made a simple and sensible suggestion that the parties adopted.
The order of the trial court is affirmed.

 The record of proceedings does not show how, if at all, defendants noticed, or attempted to notice, plaintiff of the continued motion hearing date of November 1°. 1998..