Curtin, J.
This is a Dist./Mun. Cts. R A. D. A., Rule 8C, appeal by plaintiff Mark Reznik (“Reznik”) of the allowance of defendant Judith Friswell’s (“Friswell”) Mass. R. Civ. P., Rule 41(b) (2), motion for involuntary dismissal and costs.
The record indicates that Reznik, pro se, commenced this negligence action on September 24, 2001 for injuries he allegedly sustained in an automobile accident with Friswell. The action itself appears to be, and certainly began as, a straightforward motor vehicle tort action. Yet by the time Friswell filed her motion to dismiss less than six months later, the docket already contained some sixty-seven entries, most of which were generated by Reznik. The motions filed by Reznik included motions (or multiple motions) to disqualify Friswell’s counsel, to strike Friswell’s pleadings, to quash or modify Friswell’s deposition subpoenas to medical and mental health providers, to strike Friswell’s interrogatories, to strike Friswell’s responses to Reznik’s interrogatories and requests for production of documents, for a court order for production of documents before a request was ever served on Friswell, for the removal of the judge who ruled unfavorably on Reznik’s motions, for a complaint for contempt against Friswell’s counsel, and for reconsideration of almost every motion upon which the court had acted.[1] The tenor and content of Reznik’s filings became increasingly sarcastic, offensive and inappropriate, liberally laced with groundless vilifications of the personal character and professional integrity of trial court judges, Friswell’s counsel and, eventually, even Friswell herself.
Matters deteriorated further in March, 2002, when Reznik renewed his efforts to contact Friswell directly.[2] Three months earlier, by letter dated December 6, 2001, Friswell’s attorney had requested that Reznik refrain from any direct contact with his client by “telephone, mail or any other means.” Yet Reznik admits that he made repeated telephone calls on more than one date to her place of employment in March and that he also mailed letters to her home *43 and office.[3] Reznik’s harassing conduct prompted the dismissal motion which is the subject of this appeal.
Friswell filed an emergency motion to dismiss and assess costs on March 5, 2002, and marked the motion for hearing on March 7,2002. In a supporting affidavit, Friswell reasonably described Reznik’s numerous telephone calls and mailings as “distressing,” “intrusive,” “frightening,” problematic from both a personal and professional standpoint and upsetting to both her and her co-workers. In opposition, Reznik filed a “notice of non-appearance” and a request that the court not entertain Friswell’s emergency motion because he was not given sufficient notice to prepare'a defense and had a dentist appointment scheduled for the hearing date.
The court allowed Friswell’s motion to dismiss on March 7, 2002 and assessed costs against Reznik in the amount of $450.00. Reznik did not appear at the hearing. After the case was dismissed, Reznik filed another action against Friswell in another District Court. That case was also dismissed.
1. The power to impose sanctions, including the ultimate sanction of dismissal, derives from the inherent authority of every court to do what is necessary to achieve the “orderly and expeditious disposition of cases,” Anderson v. Sport Lounge, Inc., 27 Mass. App. Ct. 1208, 1209 (1989), and to “secure the administration of justice.” Avelino-Wright v. Wright, 51 Mass. App. Ct. 1, 5 (2001). Where there is “convincing evidence of unreasonable conduct or delay” and an absence of “more suitable, alternative penalties,” Monahan v. Washburn, 400 Mass. 126, 128-129 (1987), it is within the discretion of a trial court to order dismissal. Given the strong judicial preference for trials on the merits, involuntary dismissal is generally reserved for severe situations. Massachusetts Broken Stone Co. v. Planning Board of Weston, 45 Mass. App. Ct. 738, 740 (1998).
The courf s inherent authority is codified in Mass. R Civ. E, Rule 41 (b) (2), which provides, in pertinent part, that “[o]n motion of the defendant, -with notice, the Court may, in its discretion, dismiss any action for Mure of the plaintiff to prosecute or comply with these rules or any order of the court [emphasis supplied].” FrisweU’s motion to dismiss was based on Reznik’s continued attempts to contact her directly despite her attorney’s written notice to him to refrain from doing so. Friswell argues that Reznik’s actions were a violation of Rule 4.2 of the Massachusetts Code of Professional Conduct That rule applies, however, only to attorneys and Reznik is not an attorney. Nor does Friswell point to any violation of a civil procedure rule as a ground for her dismissal motion.
Second, while Reznik’s conduct was unquestionably harassing and inappropriate,[4] it does not appear from the record that Friswell’s attorney had ever requested an order from the court instructing Reznik not to contact his client. If such an order had been or was now in place and Reznik failed to obey it, a Rule 41(b) (2) dismissal would be an appropriate sanction. When “a noncompliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial judge need not just exhaust milder sanctions before resorting to dismissal.” Friedman v. Globe Newspaper Co., 38 Mass. App. Ct. 923, 924 (1995). In the absence of an order in this case, Friswell’s motion to dismiss should have been denied on March 7,2002.
*44 The nature of the record before us compels us to make an additional comment Reznik’s apparent reliance on his pro se status to shield him from the sanction of a Rule 41 (b) (2) dismissal,[5] or any other sanction in this case, is misplaced. A pro se party is bound by the same principles of procedural and substantive law as litigants with legal counsel, and “are held to the same standards as practicing members of the bar.” Mains v. Commonwealth, 433 Mass. 30, 36 (2000). See also Devon Services, Inc. v. Wellman, 432 Mass. 1013 (2000). A pro se party “cannot claim any particular indulgence,” Springfield Photo Mount Co. v. Kriensky, 1984 Mass. App. Div. 3, 4, for even missteps, much less for misconduct. All parties, whether represented by attorneys or not, are obligated to proceed in good faith, to “act with reasonable diligence to bring their litigation to a final conclusion,” Bucchiere v. New England Tel. & Tel. Co., 396 Mass. 639, 642 (1986), and to conduct themselves with at least that modicum of civility, courtesy and respect, for both the court and other parties, that simple common decency and common sense dictate. While pro se parties are not subject to the specific, professional canons of ethics which bind members of the bar, they are as obligated, at the very least, to refrain from any action which “obstructs or degrades the administration of justice or derogates from the authority and dignity of the court....” Avelino-Wright v. Wright, supra at 5.
2. Even if a Rule 41(b) (2) dismissal had been permissible at this time, Friswell’s attorney failed to provide the required seven days notice for the hearing on the motion to dismiss that is prescribed by Mass. R. Civ. R, Rule 6(c). Although the attorney’s patience must certainly have been tested by Reznik’s unacceptable behavior and although he was obviously motivated by an appropriate concern for his client’s well-being, he was not excused from the obligation to comply with the notice requirements. In emergency situations, the court has the power to shorten notice provisions when a parly presents a properly prepared motion for the same. See Richard v. Quinn, 1999 Mass. App. Div. 216, 217. Friswell’s attorney did not pursue that course.
3. The “costs” in the amount of $450.00 awarded by the court appear to be based on the affidavit of Friswell’s attorney for legal fees in connection with the motion to dismiss. Legal fees are not properly assessed as costs of a case. Moon v. Trust Ins. Co., 2000 Mass. App. Div. 89, 90 n.3.
The allowance of Friswell’s motion to dismiss and to assess costs is reversed. This case is returned to the Concord Division for trial.
So ordered.

 We note that a party is not entitled to continuing reconsideration based on little more than a regurgitation of arguments previously rejected. ‘Where, as in the instant case, there has been no change of circumstances, a judge is not obligated to reconsider a prior ruling; the decision to do so rests within the judge’s discretion.” Baybank v. DiRico, 1996 Mass. App. Div. 30, 31. A judge may simply deny such a reconsideration motion without hearing. Id. at 32.

 Reznik has admitted to at least prior direct contact with Friswell in November, 2001. (App. 177).

 Reznik denies receipt of Friswell’s counsel’s letter. He has also suggested, in a chilling distortion of reality, that by filing a response to his interrogatory number 4, which sought Friswell’s business address, Friswell “actually encouraged” him to contact her directly. (App. 196).

 Reznik admits that the purpose of his repeated calls and letters was to threaten Friswell with the filing of additional legal action (s) against her if she continued to side with her own attorney instead of Reznik on certain motions, and to warn Friswell that she would be personally liable in such an action (s) for all costs and attorney’s fees because she would no longer be represented by her insurer. (App. 173,175).

 In a postjudgment motion to vacate the Rule 41(b)(2) dismissal, Reznik asserted that “the court cannot dispose [sic] the action by ignoring its merits. If a party violates any rules (including ethic [sic] rules) it may he penalized: a lawyer may be disciplined; a party may be ordered to pay costs. But the court cannot dismiss the action without consideration of its merits!” (App. 172).