Coven, J.
This is a Dist./Mun. Cts. R. A. D. A., Rule 8C, appeal of the Mass. R. Civ. P, Rule 12(b) (6), dismissal of the plaintiff’s complaint for failure to state any claim upon which relief could be granted.
This is the second suit filed by plaintiff Mark Reznik (“Reznik”) against defendant Judith Friswell (“Friswell”). We note, by way of background, that the parties were involved in an automobile accident on June 7, 2000. Alleging that Friswell *90 was negligent and claiming that he sustained physical and emotional injuries, Reznik filed a motor vehicle tort action against Friswell on September 14, 2001 in the Concord District Court. As a sanction for Reznik’s misconduct during the pretrial phase of the Concord case, the trial court allowed Friswell’s motion for involuntary dismissal, see Reznik v. Friswell, 2003 Mass. App. Div. 42, and judgment was entered against Reznik. After the denial of several postjudgment motions by Reznik, judgment in favor of Friswell was again entered on May 17,2002.
Three days later, on May 20, 2002, Reznik filed this second action against Friswell in the Woburn District Court. His three-count complaint sought recovery for damages he allegedly sustained during the course of the Concord proceedings. In Count I, Reznik claims that he is entitled to recover costs that he incurred in the Concord case to prove that averments made by Friswell in the Concord action were false.[1] Count II sounds in defamation. It alleges that Friswell made “false allegations” against Reznik in an affidavit in support of her motion to dismiss the Concord action, and that he is entitled to recover for the emotional distress he endured in consequence of that “assault on his reputation” (Pl.’s Brief, p. 9) .[2] In his third complaint count, Reznik contends that Friswell’s negligence in the parties’ automobile accident was clear and that he should thus have been able to recover against her in the Concord tort action.
1. Friswell’s motion specifically states that the defendant sought relief pursuant to Rule 12(b) (6) for the failure of Reznik’s Woburn complaint “to set forth a claim upon which relief can be granted.” Further, the motion expressly recites that “the plaintiff sets forth no viable causes of action by which one party is allowed to pursue recovery from another.” Thus contrary to suggestions by Reznik on this appeal, Friswell’s dismissal motion was not limited to the ground of res judicata, but also clearly requested dismissal on the traditional Rule 12(b) (6) basis of the legal insufficiency of Reznik’s complaint. See generally Martinez v. Harvey, 1992 Mass. App. Div 79, 80.
Second, it is equally clear that the motion judge dismissed Reznik’s complaint for failure to state an actionable claim. The judge’s extemporaneous comments about subject matter jurisdiction during the motion hearing did not constitute a *91 ruling on Friswell’s dismissal motion. See Cambridge Hous. Auth. v. Wedge, 2000 Mass. App. Div. 235, 237; Stamos v. Jacobsen, 1987 Mass. App. Div. 185, 185-186. As the judge’s handwritten order of allowance on the face of Friswell’s motion and the trial court docket both indicate, the judge allowed the dismissal motion without a statement of any reason for her ruling.[3] Reznik subsequently filed a “motion to amend the judgment” pursuant to Mass. R. Civ. E, Rule 59(e), and a “clarification motion to confirm the fact [sic],” arguing that jurisdiction was not a proper basis for dismissal and pointing to the words “no jurisdiction” which had been handwritten on Reznik’s written opposition to Friswell’s motion.[4] The judge allowed Reznik’s clarification motion by “striking words ‘no jurisdiction’ written on plaintiff’s opposition” and by specifying “the basis for dismissal — failure to state a claim upon which relief can be granted.”
2. Thus the dispositive issue on this appeal is the legal sufficiency of Reznik’s complaint. The general rule is that a complaint may not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff is not entitled to any relief upon any set of facts which could be proven in support of his claims. Nader v. Citron, 372 Mass. 96, 98 (1977). In deciding a Rule 12 (b) (6) motion, the court may not consider the “unlikelihood of the plaintiff’s ability to produce evidence” to support his claims or the credibility of well-pleaded complaint allegations. Brum v. Dartmouth, 44 Mass. App. Ct. 318, 322 (1998). For Rule 12(b)(6) purposes, all complaint allegations and all reasonable inferences that can be drawn therefrom must be accepted as true. Ciardi v. F. Hoffman-LaRoche, Ltd., 436 Mass. 53, 55 (2002).
Assuming for the purpose of review that defendant Friswell made false aver-ments in the Concord action, we have found no case, and Reznik has presented none, which holds that such false statements give rise to an independent tort or right of action for perjury, or that the party who proves the false statement is entitled to file an independent action to recover for any expenses incurred in proving the falsity of the statements.[5] Rather, the customary remedy for false testimony is criminal prosecution for perjury or punishment for contempt. Ezekiel v. Jones Motor Co., 374 Mass. 382, 387 (1978). If an action goes to judgment, a party proving that the judgment was based on a material false statement may seek to have the judgment vacated. Pina v. McGill Development Corp., 388 Mass. 159, 165-166 (1983). Finally, a party who actually proves perjury can seek judicial sanctions in (lie action itself. See generally Monahan v. Washburn, 400 Mass. 126, 128 (1987) (involuntary dismissal appropriate upon a showing of unreasonable conduct). The Rule 12 (b) (6) dismissal of Count I of Reznik’s Woburn complaint was proper.
There was also no error in the dismissal of Count II for emotional distress based on alleged defamatory statements by Friswell. Reznik claims that Friswell *92 defamed him in an affidavit submitted in the Concord action and that he suffered emotional distress in consequence of such defamation. It has long been the law of this Commonwealth that “statements by a party, counsel or witness in the institution of, or during the course of, a judicial proceeding are absolutely privileged provided such statements relate to that proceeding.” Sriberg v. Raymond, 370 Mass. 105, 108 (1976). As a logical extension of that rule, Friswell is protected from Reznik’s claim based upon emotional distress that is founded upon the alleged defamatory remarks in the Concord case. As the Supreme Judicial Court stated in Cornelias v. Viveiros, 410 Mass. 314 (1991), “[a] privilege which protectfs] an individual from liability for defamation would be of little value if the individual were subject to liability under a different theory of tort.” Id. at 324.
It is unnecessary to address Reznik’s third theory of recovery in this Woburn action. That claim is now moot as the dismissal of his Concord automobile tort action has been vacated. Reznik v. Friswell, supra.
Accordingly, the Rule 12(b) (6) dismissal of the plaintiff’s complaint is affirmed.
So ordered.

 By way of background, the Count I allegations appear to be based on a motion filed in the Concord action by Friswell’s attorney to obtain an extension of time, on the ground that Friswell was in China, for filing responses to Reznik’s requests for admissions. Friswell’s attorney withdrew the motion at the November 29, 2001 hearing when Reznik opined that Friswell was not in China, but in Massachusetts. Although Friswell’s motion was withdrawn and her responses to Reznik’s admission requests were filed only four days later, Reznik claims to have launched some kind of subsequent investigation of Friswell’s November whereabouts to disprove the ground set forth in the withdrawn motion. Three months later, on February 26, 2002, Reznik filed a motion in the Concord action to assess costs against Friswell’s attorney for the “significant amount of money’ Reznik allegedly expended in supposedly refuting the basis of the withdrawn motion. In Count I of his Woburn complaint, Reznik now seeks to recover those investigation costs from Friswell, rather than her attorney.

 The affidavit in question, see Reznik v. Friswell, supra at 43, merely set forth Friswell’s personal reaction to Reznik’s repeated attempts to contact her directly, rather than through her attorney, at both her home and place of employment by telephone and mail. Thus the “false allegations” alleged by Reznik in Count II consist of Friswell’s statement of her own feelings that Reznik’s conduct was “distressing and intrusive,” caused her to be “frightened,” was becoming “problematic” from a professional and personal standpoint, and was “upsetting” to herself and her co-workers.

 The judge was not, of course, required to make findings of fact and conclusions of law in deciding a Rule 12(b) (6) motion to dismiss. See Mass. R. Civ. P., Rule 52(c); Sweet Basil, Inc. v. Kopp, 1997 Mass. App. Div. 103. Reznik’s posljudgment motion for such findings and rulings was correctly denied.

 In allowing Friswell’s dismissal motion, the judge wrote the single word “allowed” followed by her initials and the date on the top of the motion itself. She also wrote, at the top of Reznik’s written opposition, “D’s motion allowed” followed again by her initials and the date. Below that, however, the words “no jurisdiction” appear.

 The general rule in Massachusetts is that in the absence of a specific statute, rule or agreement between the parties, a successful litigant is not entitled to recover the costs and expenses of his litigation. See, e.g., Preferred Mut. Ins. Co. v. Gamache, 426 Mass. 93, 95 (1997).