JEAN G. CRONK *vs.* RAYMOND CRONK (and a companion case). December 9, 1980. The probate judge committed no error in hearing and determining the wife's uncontested complaint seeking a divorce and a division of the equity in the marital home, the sole asset of the parties (case no. 58405), and in dismissing the husband's cross complaint for divorce (case no. 55803), in view of the failure by the husband and his counsel to file an appearance (Mass.R.Dom.Rel.P. 11[b][1] & [2]) or an answer (Mass. R.Dom.Rel.P. 12[a] & [b], Smith & Zobel, Rules Practice § 12.2, at 293 [1974]), in the action brought by the wife and their arrival at the scheduled hearing on both complaints only after all the evidence had been completed. The judge was not required to reopen the evidence on the division of property, and he committed no abuse of discretion in refusing to do so. The cases brought to our attention by the husband on this point are inapposite. The husband's failures are not comparable to cases which have found a denial of due process where substantial rights have been adjudicated without notice or an opportunity to be heard. See generally *Sniadach* v. *Family Fin. Corp.*, 395 U.S. 337 (1969). It follows that the motion for new trial filed in case no. 58405 (and the one purportedly filed in case no. 55803) were properly denied. We note as well that these motions were not accompanied by affidavits which would be required by Mass.R.Dom.Rel.P. 59(c) under these circumstances, that the added ground raised on appeal with respect to the request for a new trial is not an enumerated ground for rule 59 relief, and that this ground was not brought to the attention of the judge below. See *Eva-Lee, Inc.* v. *Thomson Gen. Corp.*, 5 Mass. App. Ct. 823 (1977).

The order denying the motions for new trial is affirmed. The judgments in both cases are affirmed.

*So ordered.*

*Robert P. Rudolph* for Raymond Cronk.
*John C. Stevens, III*, for Jean G. Cronk.