Banks, J.
This is an action in contract to recover for work performed by the plaintiff-builder on property owned by the defendant, a real estate developer. Judgment was entered for the plaintiff in the sum of $14,606.51. The defendant now claims to be aggrieved by the court’s denial of his Dist./Mun. Cts. R. Civ. P., Rule 60(a) motion for relief from judgment.
The defendant’s Rule 60 motion was expressly predicated on the grounds that the judgment entered on September 24,1985 was the result of an alleged “clerical error.” In an attached affidavit, defendant’s counsel alleged that an “oral finding of fact” was made by the trial justice at the close of all the evidence to the effect that “the plaintiff did not comply with the terms of the contract.” A single page excerpt from the trial court transcript discloses certain inconclusive, extemporaneous comments made by the trial justice during closing arguments which include references to plaintiffs contract performance. The apparent thrust of the defendant’s contention on this appeal is that the court’s ultimate finding for the plaintiff was inconsistent with the trial justice’s “oral finding of fact” and should be vacated.
1. The comments interjected by the trial justice during closing arguments herein fall far short of the unambiguous, conclusive resolution of dispositive issues suggested by the defendant. The remark concerning the plaintiffs contract performance can be as readily taken as mere confirmation of the court’s understanding of the position then being advanced by the defendant as it can be as an acceptance by the court of the defendant’s arguments.
Even if unambiguous, however, such offhand comments or remarks made during the course of trial would not rise to the level of judicial rulings or findings. See, e.g., Gorrasi v. Mangella, 287 Mass. 165, 170 (1934). Statements and observations made from the bench prior to the formal issuance of factual findings do not represent binding determinations of the court. The fact finding process itself necessarily entails shifting and evolving judicial impressions and assessments. A trial justice remains free to adopt, revise or abandon the same until entry of judgment despite any verbal expression of interim opinions or mid-trial colloquy with counsel or witnesses. Written, subsidiary findings of fact are the final product of a trial justice’s analysis of the evidence presented and constitute the official articulation of the salient points underlying the *186 court’s judgment. See, generally, Schrottman v. Barnicle, 386 Mass. 627, 638-639 (1982); Cormier v. Carty, 381 Mass. 234, 236-238 (1980); Ricky Smith Pontiac, Inc. v. Subaru of New England, Inc., 14 Mass. App. Ct. 396, 404-405 (1982).
2. As the trial justice’s remarks at issue cannot be deemed findings of fact, the defendant has failed to establish any inconsistency between a subsidiary determination and the court’s final judgment for the plaintiff herein. In the absence of special findings of fact, a court’s general finding is viewed as importing all subsidiary findings essential to sustain it. Starr v. Board of Health of Clinton, 356 Mass. 426, 431 (1969), First National Stores, Inc. v. H. P. Welch Co., 316 Mass. 147, 150 (1944). Implicit in the court’s ultimate judgment for the plaintiff herein was the necessary determination that the plaintiff complied with the terms of the parties’ contracts.
There was no error in the trial court’s denial of the defendant’s Dist./Mun. Cts. R. Civ. P., Rule 60 motion. Accordingly, report dismissed.