Banks, J.
This is an action commenced in the East Boston Division of the District Court Department in which the plaintiff, J.S.B. Industries, Inc., has complained of fraud, unfair practices and breach of warranty on the part of the defendant, Bakery Machinery Company, in the sale and installation of certain oven equipment. The defendant moved fordismissalofthe action for want of jurisdiction in that court under the terms of a clause in the parties’ agreement which states: “The buyer agrees that no court shall have subject matter jurisdiction of any dispute concerning or arising under this agreement except courts located in Nassau County, State of New York.”
As reported to this Division, the issue considered by the trial court at its hearing on the dismissal motion was whether the present complaint, not being brought specifically for breach of the agreement, was controlled by the clause purporting to grant jurisdiction solely to the courts of Nassau County, New York.
The trial court found that the present action, though sounding in tort, arose from the parties’ contract and fell within the forum selection clause relied upon by the defendant. The motion to dismiss was, accordingly, allowed, and the matter is now before this Division upon appeal from that ruling.
The peculiar difficulty presented by this case is that the parties herein have proceeded to this point upon the premise that the forum selection clause agreed to by the parties was in all respects binding, and that the question of jurisdiction depended solely upon whether the plaintiffs action could be viewed as “concerning or arising under” tiie contractual agreement. That premise represents a misstatement of the law of this Commonwealth relating to contractual forum selection clauses. Massachusetts law, established by Nute v. Hamilton Mutual Insurance Co., 72 Mass. (6 Gray) 174 (1856), is that such clauses are to be disregarded, and no action, otherwise proper, may be barred by contract of the parties from being heard in a court of competent jurisdiction within the Commonwealth. The cases relied on by the defendant for a contrary proposition, Morris v. Watsco, Inc., 385 Mass. 672 (1982) and Educational Electronics, Inc. v. Brookline Trust Co., 2 Mass. App. Ct. (1974), are inapposite. At issue in each of those cases was a contractual choice of law provision rather than a forum selection clause. As to selection of forum, the Ñute case has been distinguished on occasion,[1] but the rule remains as a bar to the enforcement of all such clauses as that *2 presented by the instant case.[2]
Although this Division is not required to consider issues or arguments not briefed by counsel, Dist/Mun. Cts. R. Civ. P. Rule 64(f), Mastrullo v. Ryan, 328 Mass. 621 (1952), we are obligated to consider questions of law reported and all matters necessarily attendant to such issues. Bushnell v. Bushnell, 393 Mass. 462, 465-466 (1984). The question posited by the report herein is the propriety of the court’s order of dismissal. We cannot permit such order to stand, thereby perpetuating an error of law to the detriment of the plaintiff, because of an absence of appropriate argument.
The trial court’s allowance of the defendant’s motion to dismiss, and the judgment of dismissal are hereby reversed and vacated. The case is returned to the East Boston Division for further proceedings. So ordered.

 See, e.g., discussions in Nashua River Paper Co. v. Hammermill Paper Co., 223 Mass. 8 (1916) and Cadillac Auto. Co. of Boston v. Engeian, 339 Mass. 26 (1959).

 There has been some questioning of the absolute nature of the Ñute rule as it now exists. While refusing to “disregard principles recognized by the Supreme Judicial Court when last considered in 1959,” the Appeals Court dealt extensively in Ernest & Norman Hart v. Town Contractors, 18 Mass. App.Ct. 60, 65 (1984) with the liberalization of rules in the Federal Courts andinotherjurisdictionswhichnowrecognizethevalidityofcontractualforumselectionclauses absent evidence of unfairness of injustice in particular circumstances. Nothing in the record suggests that the trial court’s ruling in this case rested upon consideration of the modem, Federal rule which would, in any event, have been erroneous under current Massachusetts law.