Forte, J.
This is an action to recover unpaid commissions allegedly earned by the plaintiff as the exclusive New England sales representative of defendant SEEQ Technology, Inc. (“SEEQ”).2
Both the plaintiff, a New Hampshire corporation, and defendant SEEQ, a California corporation, have a usual place of business in Burlington, Massachusetts. The sales distribution agreement executed by the parties contained a “forum selection clause” which provided:
The validity, construction and enforcement of this Agreement shall be governed by the laws of the State of California. [Both parties] agree that an v litigation which maybe initiated between them shall be filed and heard only in a state orfederal court located within theStateofCalifomia. and both parties agree that venue in California is and shall be proper [emphasis added].
The trial court allowed defendant SEEQ’s Dist./Mun. Cts. R. Civ. P., Rule 12 motion to dismiss the action on the grounds that the Massachusetts trial court had no jurisdiction given the parties’ contractual choice of a California judicial forum.
The plaintiffs appeal from the court’s dismissal of this action on the basis of the parties’ forum selection clause is governed by our decisions in J.S.B. Industries, Inc. v. Bakery Machinery Distrib., Inc, 1991 Mass. App. Div. 1 and Graphics Leasing Corp. v. The YWeekly, 1991 Mass. App. Div. 110. See also, Leasefirst v. Decot Bros., 1990 Mass. App. Div. 177. Unless and until the issue of contractual forum selection clauses is reexamined by the Supreme Judicial Court of this Commonwealth, this Division is bound by the existing Massachusetts law of Nute v. Hamilton Mut. Ins. Co., 72 Mass. 174 (1856). See generally, Burke v. Toothaker, 1 Mass. App. Ct. 234, 239 (1973). In compliance with such precedent, the trial court’s dismissal of this action must be vacated.
Even if Nute were overruled, see W. R. Grace & Co. v. Hartford Accid. Indem. Co., 407 Mass. 572, 582 n.13 (1990; Ernest & Norman Hart Bros. v. Town Contractors, Inc., 18 Mass. App. Ct. 60, 65 (1984), and the modern rule recognizing the validity of forum selection clauses were adopted, see M/S Bremen v. Zapata Off-Shore Co. 407 U.S. 1, 92 S. Ct. 1907, 1913, 32 L.Ed.2d 513 (1972), enforcement of the clause in the instant *249 case might have hinged on whether the parties’ contractual choice of both California courts and California law was deemed to frustrate the strong legislative policy embodied in G.L.c. 93Afor the regulation of fair trade and commerce in Massachusetts. See generally, Slaney v. Westwood Auto, Inc., 366 Mass. 688, 693 (1975).
The courf s allowance of the defendant’s motion to dismiss is hereby reversed, and this action is returned to the Woburn Division for trial.
So ordered.