Merrick, J.
This is an action in negligence for injuries resulting from a fall by the plaintiff on the defendants’ driveway.
On October 26,1990, the plaintiff was walking along a concrete sidewalk in front of the defendants’ home in Lexington. The concrete sidewalk intersected with the defendants’ asphalt driveway which ran from their property to the street. There was no evidence as to which surface, the concrete or the asphalt, was in place first, or whether there was concrete under the asphalt where it crossed the sidewalk. As the plaintiff stepped onto the asphalt from the concrete, her left leg slipped and she fell on her left knee.
There was evidence that in the summer of 1990, the defendants’ son had applied a sealer to the asphalt driveway. The plaintiff’s expert testified that the substance in the stain on the right knee of the plaintiff’s slacks after the fall was an asphalt material consistent with products commonly sold in hardware and building supply stores. The expert further testified that the asphalt surface of the defendants’ driveway was somewhat more slippery than the adjoining concrete surface in that it did not cause as much friction or resistance to sliding. The expert could not say that the sealer was defective or that it had been improperly applied, and could not measure any degree of slipperiness.
The trial court entered judgment for the defendant homeowners, and the plaintiff appealed pursuant to Dist./Mun. Cts. R. A. D. A, Rule 8A.
The plaintiff does not contend that the trial judge ruled incorrectly on any of her requests for rulings of law. Plaintiff’s counsel instead argued, in his brief, that the evidence was sufficient to permit a finding that the plaintiff’s fall was the result of a foreign substance. The proper method of raising this issue in the trial court and preserving it for appellate review would have been to file a request for ruling of law that the evidence warranted such a finding. Gauvin v. Clark, 404 Mass. 450, 456-457 (1989); DiGesse v. Columbia Pontiac, Inc., 369 Mass. 99, 102-103 (1975). The plaintiff did not request a ruling to that effect or any ruling to test the sufficiency of the evidence at trial. Plaintiff’s counsel conceded at oral argument that the evidence did not require a finding of negligence as a matter of law. Indeed, a finding of negligence is seldom, if ever, required. See Ellingsgard v. Silver, 352 Mass. 34, 39 (1967); Castano v. Leone, 278 Mass. 429, 431-432 (1932).
The trial judge made findings of fact, although she was not obligated to do so. Dist./Mun. Cts. R. Civ. R, Rule 52(a). See generally, Liberatore v. Framingham, 315 Mass. 538, 543 (1944); Memishian v. Phipps, 311 Mass. 521, 523 (1942). These findings are entitled to the customary appellate deference. Williams v. Resolution GGY OY, 417 Mass. 377, 381-382 (1994); Sentry Ins. v. Firnstein, 14 Mass. App. Ct. 706, *26 708 (1982). The court’s conclusions included the following, to which the plaintiff objects:
There was no evidence of any foreign substance on the property that should have been removed; nor of any fault in the sealer; nor of any negligence in the application of the sealer.
Based on the evidence in the record before us, this ruling was correct.
The trial court’s judgment for the defendants is affirmed.