Merrick, J.
This is an action to recover the $3,500.00 principal allegedly owed on a promissory note executed by the defendant The note was signed on behalf of plaintiff Sundex, Ltd. by its president, one Joseph Bonavire (“Bonavire”). Bonavire was also the president of Carpet Town, Inc., the defendant’s employer. The defendant contended that, pursuant to a written proposal by Bonavire, there was a novation of the parties’ original agreement which provided for payment of the defendant’s loan by Carpet Town, and that the note was paid in full in accordance with Bonavire’s proposal.
After trial, judgment was entered for the defendant, and the plaintiff appealed “on the record of proceedings” pursuant to Dist./Mun. Cts. RADA, Rule 8C. Both parties have briefed the single issue of whether the evidence was sufficient to permit the finding that Bonavire had apparent authority to bind the plaintiff to the alleged novation. The trial court made no written findings of fact, however, and was not required to do so. Mass. R Civ. P., Rule 52(c). See also, Memishian v. Phipps, 311 Mass. 521, 523 (1942); Antonucci v. Forg, 1996 Mass. App. Div. 25. Moreover, the plaintiff filed no requests for rulings of law. It is thus clear that the parties have simply assumed that the trial court’s decision was predicated on the particular factual finding they challenge, an assumption apparently based upon extemporaneous comments made by the judge at the conclusion of trial.
1. Even if the plaintiff were entitled to appellate review of the issue of the sufficiency of the evidence to warrant an assumed finding of fact, the “transcript” filed by the plaintiff does not, in form or content, remotely resemble the legal transcript necessary for appellate review. The individuals speaking are not identified. The text is often fragmented and flawed by patent inaccuracies and repeated omissions.[1] The transcriber’s certification of accuracy required by Dist/Mun. Cts. RADA., Rule 8C(c) (3) is not provided. The transcript was prepared by a secretarial service. The docket shows that a Rule 8C(c) (1) “Designation for Transcrip *188 tion” was filed by the plaintiff, but it is not included in the record. It is unknown whether the defendant agreed to the designation.
It is the appellant’s responsibility to have the transcript prepared, and to include it in an accurate and complete trial court record upon which the issues presented on appeal may be reviewed. Shawmut Community Bank, N.A. v. Zagami, 411 Mass. 807, 811 (1992); Cameron v. Carelli, 39 Mass. App. Ct. 81, 84 (1995). While Rule 8C (c) (3) does not require it, sound practice suggests that, at the very least, a certified court reporter will be designated as the transcriber. To the extent that difficulties in identifying speakers or understanding questions and testimony are encountered by a transcriber, not present at trial, Rules 8C(c) (1) and (2) obligate both the appellant and the appellee to “cooperate with the transcriber by providing such information as is necessary to facilitate transcription.” We do not rule out appropriate sanctions, including striking the transcript in any future case in which such a defective record is presented.
2. Even assuming arguendo that the transcript sets forth an accurate and reliable record of the trial judge’s lengthy and informal remarks at the conclusion of trial, there is nothing in these offhand comments which amounted to, or suggested, a single, unambiguous finding of fact. Generally,
[s]tatements and observations made from the bench prior to the formal issuance of factual findings do not represent binding determinations of the court. The fact finding process itself necessarily entails shifting and evolving judicial impressions and assessments. Atrial judge remains free to adopt, revise or abandon the same until entry of judgment despite' any verbal expression of interim opinions or mid-trial colloquy with counsel or witnesses. Written, subsidiary findings of fact are the final product of a trial judge’s analysis of the evidence presented and constitutes the official articulation of the salient points underlying the court’s judgment.
Stamos v. Jacobsen, 1987 Mass. App. Div. 185, 185-186 and cases cited. In the instant case, the judge did little more than extemporize on a number of issues, including estoppel and payment as well as apparent authority. Nothing in these remarks, however, constituted or approached a definitive statement of the factual or legal basis of his subsequent general finding for the defendant
3. As noted, the court made no written findings or rulings, and the defendant filed no requests for rulings of law. It is axiomatic that the first step in obtaining review of a legal issue is to raise it in the trial court by means of a written request for a ruling of law. Mass. R. Civ. P., Rule 64A. See Cooperstein v. Turner Bros. Construc., Inc., 1992 Mass. App. Div. 249, 251. An appeal “on the record” pursuant to Rule 8C does not relieve a party from its obligation to preserve a legal issue by filing written requests for rulings of law. Macone Bros., Inc. v. Strauss, 1997 Mass. App. Div. 95, 95-96. In the absence of an appropriate Rule 64A(b) request, neither the issue of the sufficiency of the evidence to have warranted the court’s finding for the defendant, nor any other issue of law, is before us. Worcester County Nat'l Bank v. Brogna, 386 Mass. 1002, 1002-1003 (1982); Massachusetts Gen. Hosp. v. Quincy, 348 Mass. 791 (1965).
The plaintiff’s appeal is dismissed.
So ordered.

 The following excerpt is representative of the transcript at its worst:
“Okay. Now Carl, you worked for Mr. Bonavire prior to June 1st, 1991. Is that right?
“_?
“ — let me move, back up. Was Mr. Bonavire the first president of Carpet Town? “No.
‘Was he the first president of —?
“Judge who —
“ — tzanz carpet—
“Is thatXANTZ?
“No that’s TZAN”