Coven, J.
Plaintiffs Ernest Minelli, Inc. (“Minelli”) and Emerald Excavating Co. (“Emerald”) filed separate actions in contract, which were consolidated for trial, to recover payment for labor and materials furnished to the defendants (“Amelia”). Alleging that the plaintiffs’ services were not performed in a adequate, reasonable and workmanlike manner, Amelia counterclaimed for breach of contract, breach of warranty, negligence and G.L.c. 93A violations. After trial, judgment was entered for the plaintiffs on their complaints and on the counterclaims. Amelia has appealed pursuant to Dist./Mun. Cts. R. A. D. A., *61 Rule 8C.
The actions arose from the parties’ agreement for the construction of a revetment or retaining wall at the bottom of a cliff to protect the defendants’ property from ocean erosion. Minelli was to build the wall and Emerald was to provide fill and top soil at the top of the cliff. After the completion of the wall in 1989, Amelia refused to pay for either the work performed by Minelli or the top soil provided by Emerald. With respect to Minelli’s work, Amelia complained that the wall did not conform to the description of the wall contained in a submission to the Conservation Commission of the Town of Plymouth. Minelli contended that the defendant agreed to the change in the wall and orally modified the contract to reduce the elevation in order to save money. As to Emerald, Amelia argued that it improperly compacted the soil in violation of proposed plans and the contract. Emerald asserted that any deficiency in the soil was due to the defendant’s failure to plant and hydroseed the area.
The trial court’s response to Amelia’s requests for rulings numbers 3 through 5 best summarizes its findings. The court stated:
Based on the credible evidence presented at trial... I find that Minelli performed the work that it agreed to do, that it did so in a workmanlike manner, that it satisfied its burden of proof with respect to damages, and that the Amelias have no right to offset those damages.
The court made a similar finding with regard to the work performed by Emerald.
1. Amelia’s initial charge of error is that the trial court failed to make written findings of fact in response to the defendant’s requests for specific findings and in connection with expert testimony offered at trial. Rule 52(c) of the Mass. R. Civ. P. renders it clear, however, that a judge in a District Court trial without a jury is not required to make separate findings of fact. Stella v. Curtis, 348 Mass. 458, 461 (1965); Liberatore v. Framingham, 315 Mass. 538, 543 (1944); Sundex, Ltd. v. Antifonario, 1997 Mass. App. Div. 187.
2. With respect to Amelia’s counterclaims, the trial judge found that the terms of the parties’ contract had been modified. It is established that a written agreement may he modified by a subsequent agreement not in writing. Cambridgeport Savings Bank v. Boersner, 413 Mass. 432, 439 (1992); Schinkel v. Maxi-Holding, Inc., 30 Mass. App. Ct. 41, 47 (1991). An oral modification of a written contract may he proved by the express statements of the parties, or may be inferred from the parties’ conduct and the underlying circumstances. Id. at 47; Flynn v. Wallace, 359 Mass. 711, 715 (1971); Rosen v. Gold Star Wholesale Nursery, Inc., 1992 Mass. App. Div. 213, 216.
Whether the parties agreed to modify their existing contract was a question of fact for the trial judge as the trier of fact in this case. L. W. Severance & Sons, Inc. v. Angley, 332 Mass. 432, 438 (1955); V & F. W. Filoon Co. v. Whittaker Corp., 12 Mass. App. Ct. 932, 933 (1981); Eastern Tank of Peabody, Inc. v. Moore, 1986 Mass. App. Div. 58, 61. The testimony of the witnesses in this case, as well as evidence of the underlying circumstances of the parties’ transaction and the work performed, provided a sufficient basis for the trial judge’s determination that the parties had orally modified their contract. In any event, Amelia failed to file any request for ruling of law which would have tested the sufficiency of the evidence regarding the oral modification of the contract. Macone Bros., Inc. v. Strauss, 1997 Mass. App. Div. 95, 96.
3. Finally, Amelia complains that the trial judge allowed the testimony on the third day of trial of an out-of-state witness for Minelli who had been previously unavailable. A trial judge is accorded wide discretion in determining the order of evidence. Boyd v. Lawrence Redevelop. Auth., 348 Mass. 83, 84 (1964); Horowitz v. Bokron, 337 Mass. 739, 742 (1958). The judge herein indicated on two *62 occasions that although she would not postpone the trial to accommodate Minelli’s witness, she would permit him to testify if the trial was not completed on the second day and the witness was available on the date to which the trial was continued. When the trial carried over to a third day, and before Amelia had called any witnesses, the judge permitted Minelli’s witness to testify. Such direction as to the order of proof was a proper exercise of the trial judge’s discretion and will not be overturned. Donahue v. Kenney, 330 Mass. 9, 12 (1953): Gifford v. Westwood Lodge Corp., 24 Mass. App. Ct. 920, 922 (1987).
Appeal dismissed.
So ordered.