Merrick, P.J.
This is a second summary process action filed by plaintiff Neil D. Singer (“landlord”) to recover unpaid rent and possession of premises at 157 Perkins Street, Somerville, Massachusetts. Defendant Liasa Opuka (“tenant”) filed a counterclaim for full rent abatement and G.L.c. 93A punitive damages.
“With several minor distinctions and one major one, the facts are precisely the same as those recited in Singer v. DeMartino, ante, 1999 Mass. App. Div. 7. The tenant entered into the same written contract with the landlord entitled “Room Rental Agreement: Tenancy at Will” to rent a single room in the same apartment 3C occupied by defendant DeMartino in the preceding case. The tenant in this action did not begin his occupancy until March 5,1997, and stopped paying rent in May, 1997. The trial court awarded him damages of only $1,200.00, trebled to $3,630.00, plus attorney’s fees.
The principal distinction between the two cases, and the one with which we concern ourselves here, is that the tenant in this case still occupies his room. This occupancy has continued despite the February 27,1997 Notice of Violation issued to the landlord by the Somerville Inspectional Services Department which ordered the landlord to “[cjease and desist use of the building as a boarding house by renting single room occupancy units, forthwith, and restore the building to its legal use as a three family dwelling.”
The fifth paragraph of G.L.c. 239, §8A, the only authority for summary process counterclaims, provides in pertinent part:
There shall be no recovery of possession under this chapter if the amount found by the court to be due the landlord equals or is less than the amount found to be due the tenant or occupant by reason of any counterclaim or defense under this section.
While the correct legal effect of the trial court’s allowance of partial summary judgment as to liability on Count I of the tenant’s answer[1] was a denial of the landlord’s claim for possession, the practical effect of permitting the tenant to remain in place in an unlicensed boarding house is to frustrate the landlord’s compliance *13 with the City order to terminate that illegal use of the premises. We doubt that in crafting paragraph 5 of §8A to balance the competing summary process claims of landlords and tenants, the Legislature intended to protect the tenant’s possessory interests to the point of perpetuating an unlawful use of the premises.
The basis for correcting such an anomaly might be found in the second paragraph of §8A, which we again note is the only authority for summary process counterclaims. That paragraph provides, also in pertinent part:
Whenever any counterclaim or claim of defense under this section is based on any allegation concerning the condition of the premises or the services or equipment provided therein, the tenant or occupant shall not be entitled to relief under this section unless:... (4) the plaintiff does not show that the conditions complained of cannot be remedied without the premises being vacated [emphasis supplied]; ....[2]
The word “condition” refers not only to the physical state of the property, but also, by ordinary dictionary usage, to its "state of affairs,” Merriam-Webster Dictionary, which would encompass its legal status. The underscored statutory language has been analyzed by the Appeals Court.
Under G.L.C. 239, §8A... a tenant may preclude a landlord from recovering possession either for nonpayment of rent, or in instances where the tenancy has been terminated without fault of die tenant, if the premises are [in violation of law]. However, if any of four statutory conditions are met, the tenant is not entitled to relief under §8A One such proviso is where the landlord shows that “the conditions complained of cannot be remedied without the premises being vacated.”...
In these circumstances, the assertion of violations... may not be relied upon to bar the landlord from recovering possession of his premises.
Knott v. Laythe, 42 Mass. App. Ct. 908, 909-910 (1997).
Where, as in the instant case, the violation complained of is the illegal use of the property and the City has ordered the landlord to cease and desist from such use of the property as a boarding house, and the landlord also shows that he cannot obtain legal sanction for such use by license, special permit, variance or otherwise, the landlord will have shown “that the conditions complained of cannot be remedied without the premises being vacated” under §8A. The tenant would then be unable to defend against the eviction or press his §8A counterclaim. The unlawful occupancy in violation of the Somerville Zoning Ordinances would, therefore, no longer be continued by a denial of possession to the landlord.
In that event, the tenant might be entitled to damages for the eviction. Smith v. Building Commissioner of Brookline, 367 Mass. 765, 775-776 (1975). Indeed, he could seek in another action all the damages he was awarded here, subject to the limitations discussed in Singer v. DeMartino, ante. He could not, however, raise those claims as a defense or counterclaim to a summary process action under §8A, but would have to do so in a separate action.
The discussion of this issue in the present case, however, is entirely hypothetical. The landlord has not alleged that he is unable to apply for a license or otherwise correct the condition without the tenant vacating the premises. We will not decide the issue sua sponte.
For the reasons stated in Singer v. DeMartino, ante, this action is returned to the *14 trial court for a new assessment of damages.
Accordingly, the court’s judgment for the tenant is vacated, and damages are to be re-assessed.
So ordered.

 Count I recited: “Defendant denies he owes plaintiff any money, for the reason that plaintiff is operating an illegal boarding house, for which operation he is not entitled to be paid rent, as held by this Court on May 26,1997 in Singer v. DeMartino, Docket No. 96-CV-397.”

 The statute excepts temporary removal for deleading.