Greco, J.
Plaintiff Back Bay Travel Agency, Inc. (“Back Bay”) brought this action for breach of contract and G.L.c. 93A violations against defendant Robert Bennett and his wife, defendant Marceline Donaldson, for their alleged failure to pay for airline tickets sold to them for resale to their own clients.
In addition to the question of whether there were, in fact, payments owed, the key issue at trial was whether the defendants were individually liable for such payments. Back Bay maintained that the defendants were doing business as “Bennett Travel” and were personally liable. The defendants contended that they were only employees of “Bettina’s Bed & Breakfast, Inc.” (“Bettina”), that Bettina was doing business as Bennett Travel, and that as mere employees, they were not liable for the corporation’s debt.
After trial, judgment was entered for the defendants. The trial judge made a specific finding in conjunction with his disposition of Back Bay’s requests for rulings of law that the defendants “acted in their capacity as agents for Bettina’s Bed & *138 Breakfast, Inc., d/b/a Bennett Travel.”
1. On this Dist./Mun. Cts. R. A D. A., Rule 8C, appeal, Back Bay argues that the evidence did not warrant a finding for the defendants, and that it was entitled to the entry of judgment in its favor as a matter of law. This claim of error was not, however, adequately preserved for appellate review. Back Bay failed to file a Mass. R. Civ. R, Rule 64A(b) (2), request for ruling of law that the evidence required a finding in its favor, or did not warrant a finding for the defendants. See Memishian v. Phipps, 311 Mass. 521, 524 (1942); Fine Home Builders, Inc. v. Humenn, 1998 Mass. App. Div. 90,92. The only requests for rulings filed by Back Bay were in the form of Rule 64A(b) (1) “warrant” requests which sought rulings that the evidence merely permitted a finding in its favor. See generally Gauvin v. Clark, 404 Mass. 450, 456-457 (1989); Cooperstein v. Turner Bros. Constr., Inc., 1992 Mass. App. Div. 249, 251. The trial judge properly allowed all of those warrant requests. There was nothing inconsistent in the allowance of Back Bay’s warrant requests and the subsequent entry of judgment in favor of the defendants. Wood v. Spedoni, 328 Mass 483, 485 (1952); Kovacev v. Medford, 1995 Mass. App. Div. 77, 78.
2. Even if we could overlook this procedural problem and address an issue that is not properly before us, Back Bay’s argument would fail on the merits. It can rarely be ruled as a matter of law, as Back Bay urges, that the party with the burden of proof is entitled to judgment as a matter of law particularly where, as in this case, there was a substantial amount of oral evidence and obvious issues of witness credibility. Hoffman v. Chelsea, 315 Mass. 54, 56 (1943); Hanover Ins. Co. v. Sutton, 46 Mass. App. Ct. 153, 166 (1999); Hernandez v. Perez, 1995 Mass. App. Div. 131, 132. More significantly, there was evidence which supported the trial judge’s ultimate finding for the defendants.
Evidence was introduced at trial that Back Bay was paid for some airline tickets with checks drawn on an account in the name of Bettina’s Bed & Breakfast, Inc.; that Back Bay’s representative, Tony Cilio (“Cilio”), conducted business with the defendants on premises that bore Bettina’s name on the outside; that correspondence to Cilio was on Bettina’s letterhead; that before any business was conducted, Cilio requested to see, and was shown, a letter of credit issued by Bank of New England to Bettina’s Bed & Breakfast, Inc., d/b/a Bennett Travel; and that Cilio was shown Bettina’s incorporation papers by the defendants at the initial meeting of the parties. It was the trial judge’s prerogative to determine the weight and credibility of this evidence. Demoulas v. Demoulas Super Markets, Inc., 424 Mass. 501, 509-510 (1997); Piccicuto v. Dwyer, 32 Mass. App. Ct. 137, 137-138 (1992); Chester v. Medford, 1994 Mass. App. Div. 69,70. There was ample evidence, if he chose to believe it, from which the trial judge could have reasonably inferred that the defendants had “disclose [d] not only that [they were] acting in a representative capacity, but also the identity of [their] principal,” see Atlantic Salmon A/S v. Curran, 32 Mass. App. Ct. 488, 492 (1992), and that they were thus not individually liable for any amounts owed to Back Bay.
3. In arguing that the trial judge was not warranted in finding that the defendants avoided personal liability, Back Bay points to various remarks made by the trial judge during the course of the trial as proof that the judge found that Bettina was an undisclosed principal. Back Bay overstates, however, both the legal significance and the factual import of these remarks. As this Division stated in Stamos v. Jacobsen, 1987 Mass. App. Div. 185,
[s]tatements and observations made from the bench prior to the formal issuance of factual findings do not represent binding determinations of the court. The fact finding process itself necessarily entails shifting and evolving judicial impressions and assessments. A trial justice remains free to adopt, revise or abandon the same until entry of judg *139 ment despite any verbal expression of interim opinions or mid-trial colloquy with counsel or witnesses. Written subsidiary findings of fact are the final product of a trial justice’s analysis of the evidence presented and constitute the official articulation of the salient points underlying the court’s judgment.
Id. at 185-186. Back Bay has simply read too much into the judge’s remarks. Throughout the proceedings, the trial judge seems merely to have extemporized about the state of the evidence in an apparent attempt to delineate the legal issues being presented and, perhaps also, to educate the pro se defendants about their legal burdens. As in Stamos, his remarks "[fell] far short of the unambiguous, conclusive resolution of dispositive issues” suggested by Back Bay. Id. at 186.
Appeal dismissed.
So ordered.