Greco, J.
This is an action to recover for the defendants’ alleged G.L.c. 93A unfair and deceptive acts and conversion of equipment leased to defendant Alice A. Bragan (“Bragan”) and used by her in a restaurant she had operated on property owned by defendant Kenneth A. Grunst (“Grunsf’). A default judgment was entered against Bragan. After trial, judgment was entered in favor of Grunst. The plaintiff has appealed pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8C.
The only two witnesses at trial were the plaintiff, Ronald J. Diorio (“Diorio”), and defendant Grunst. After hearing their testimony, the trial judge allowed all of the plaintiffs requests for rulings of law, but entered a general finding for Grunst. The essence of file plaintiffs argument on this appeal is that the trial judge could not have properly found for Grunst if he had correctly applied the law set forth in the plaintiffs requested rulings.
There was no error.
1. To the extent that Diorio is claiming that the court’s allowance of his requested rulings was inconsistent with its finding for Grunst, Diorio was required to bring the alleged inconsistency to the trial judge’s attention prior to *30 any appeal by filing either a Mass. R. Civ. P., Rule 59, motion for a new trial or a motion to correct the inconsistency. Fine Home Builders, Inc. v. Humenn, 1998 Mass. App. Div. 90, 92. He did neither, and has thus waived any consideration of the issue on this appeal. Cook v. Kozlowski, 351 Mass. 708 (1967); Bardascino v. Gilbert, 1999 Mass. App. Div. 178, 179 n.3. Diorio did file postjudgment motions to amend and revise the judgment to include “a statement that the rulings of law requested by the plaintiff at the conclusion of trial... were allowed” and “a statement that all of the findings of fact requested by the plaintiff... were established by the testimony admitted into evidence at trial.” Neither of these motions was sufficient to preserve any appellate issue, and there was no error in the court’s denial of them. As the record clearly reflected, Diorio’s requested rulings had already been allowed. Further, a judge in a District Court trial without a jury is not obligated to make separate findings of fact, Mass. R. Civ. P., Rule 52 (c); Emerald Excavating Co. v. Amelia, 1998 Mass. App. Div. 60, 61, much less to make any particular findings of fact.
2. In any event, there was no inconsistency between the allowance of the requested rulings and the general finding for defendant Grunst. The weight and credibility of the parties’ testimony at trial and of the documentary evidence were matters for the trial judge’s determination. Demoulas v. Demoulas Super Markets, Inc., 424 Mass. 501, 509-510 (1997); Back Bay Travel Agency, Inc. v. Bennett, 1999 Mass. App. Div. 137, 138. There was ample evidence upon which the judge could have properly concluded that no conversion took place under the law of Massachusetts as set forth either in the plaintiffs requests or in other applicable cases. See, e.g., Marshall Vessels, Inc. v. Wright, 331 Mass. 487, 489 (1954). The equipment was not leased by Diorio to Grunst, but instead to the defaulted Bragan, who used the equipment in a restaurant she operated on property owned by Grunst. When the restaurant failed financially, Grunst took over possession of the premises. The trial judge was not required to believe Diorio’s version of what then happened; namely, that when he asked Grunst for the equipment, Grunst told him to “take [him] to Court” and made a threatening gesture. The trial judge was free to credit instead testimony by Grunst that initially he did not know the equipment was on the premises; that he did not receive any notice from Diorio seeking its return; that when he became aware of the property, he asked Diorio to take it back; that Diorio failed to do so; that they then entered into an arrangement whereby Grunst would try to sell the equipment along with the real estate itself; and that ultimately, when Grunst acquired the necessary funds, he had the equipment disconnected and told Diorio to pick it up. Upon this version of events, the trial court would have been warranted in determining that any G.L.c. 231, §85H presumption (if even applicable, as Grunst did not lease the equipment) was rebutted, and in finding for defendant Grunst.
3. Because Diorio’s claim under G.Lc. 93A was based solely on his underlying claim for conversion, there was no error in the court’s finding for defendant Grunst on the G.L.c. 93A count as well. See Macoviak v. Chase Home Mortgage Corp., 40 Mass. App. Ct. 755, 760 (1996). Moreover, none of Diorio’s requests for rulings of law related to the G.L.c. 93A claim.
Appeal dismissed.
So ordered.