Wright, J.
This is a summary process action to recover unpaid rent increases and possession of a public housing unit. After trial, judgment was entered for the defendant. Plaintiff Cambridge Housing Authority (“CHA”) filed this Dist./Mun. Cts. R. A. D. A, Rule 8C, appeal on a charge of error in the court’s denial of its motion to reopen the evidence after both parties had rested, and the court’s judgment for the defendant.
The relevant evidence is largely undisputed. Since 1986, defendant Carolyn Wedge (the “tenant”) has leased an apartment in the Washington Elms, a federally funded public housing complex in Cambridge. In 1998, her rent for the subsidized unit was $95.00 per month. In January, 1999, one Adeyemi Onikeku (“Onikeku”), an assistant manager of the Washington Elms, notified the tenant that her son, daughter and grandson were to be added to her lease as unit residents, and that financial information for all family members was needed for CHA’s annual redeter-mination of her rent. The tenant furnished the necessary documents in February, 1999.
On March 26, 1999, Onikeku notified the tenant that her rent had been increased by almost 500% to $552.00 per month,[1] and that the increase was retroactive to March 1, 1999, her lease anniversary date. The notice advised the tenant of her right to question the increase and, in the absence of an agreement between the parties, her right to request a grievance hearing within fifteen days.
On April 6,1999, the tenant sent a letter to a Mr. Cain, the CHA Management Director, stating that the rent increase was incorrect as it was based on significant, erroneous overstatements of both her income and her daughter’s child support receipts. Onikeku testified that the tenant’s letter included a request for *236 a grievance hearing. The tenant also advised CHA that her son’s temporary S.S.I. benefits had been discontinued. Less than a week later, on April 12,1999, Onikeku sent a notice that the tenant was in “possible violation” of her lease for non-payment of rent, that it “may be necessary to institute eviction proceedings” and that an “informal” conference was in order. On April 23,1999, Onikeku notified the tenant that her rent was reduced to $427.00, effective April 1,1999, due to her son’s loss of S.S.I. benefits. The notice instructed the tenant to disregard “the prior notice,” and restated her right to contest the rent within fifteen days under CHA’s grievance procedure. Only five days later, however, on April 28, 1999, CHA served the tenant with a fourteen day notice to quit for nonpayment of rent.[2]
On May 4, 1999, the tenant filed a formal request for a grievance hearing. On May 24, 1999, CHA filed this summary process action. The grievance hearing requested by the tenant in April and again in May was not even held until late June, 1999, more than a month after the commencement of this action.[3] There was no evidence at trial that the grievance hearing had been concluded, much less that the hearing panel had upheld CHA’s rent redeterminations and its decision to terminate the defendant’s tenancy and had provided her with a copy of its decision.
1. After both parties had rested and CHA had begun its closing argument, the trial judge commented on the absence of any evidence that the grievance proceedings had ended and that there had been a final determination of the proper rent to have been charged the tenant. CHA moved to reopen the evidence to permit Oni-keku to testily as to the completion and results of the grievance hearing. The motion was denied. There was no error.
The denial of CHA’s request to admit additional evidence after the conclusion of a somewhat lengthy summary process trial rested solely within the broad discretion of the trial judge. Kerr v. Palmieri, 325 Mass. 554, 557 (1950); Reynolds v. Missouri, Kansas & Texas Ry. Co., 224 Mass. 379, 387 (1916); Jones v. Vappi Co., 28 Mass. App. Ct. 77, 83 (1989). This was not a case in which “substantial rights [were] adjudicated without notice or an opportunity to be heard.” Cronk v. Cronk, 10 Mass. App. Ct. 932 (1980). CHA introduced almost two dozen documents and conducted an extensive examination of Onikeku, its only witness. Questions about the grievance hearing were in fact specifically raised on the tenant’s cross-examination of Onikeku, and the evidence CHA sought to introduce after trial could easily have been admitted during CHA’s redirect. CHA also cross-examined the tenant about the alleged miscalculations of the rent increase, but avoided any reference to the grievance hearing held well after the commencement of this suit.
The judge would not have been required to reopen the evidence simply because of CHA’s claim of prejudice. In any event, such claim is unpersuasive. *237 To establish reversible error in the exclusion of evidence even when it is properly offered during trial, the proponent must satisfy its burden of demonstrating that the trier of fact might well have reached a different result if the evidence had been admitted. See G.E.B. v. S.R.W., 422 Mass. 158, 169 (1996); Foreign Car Center, Inc. v. Salem Suede, Inc., 40 Mass. App. Ct. 15, 22 (1996). CHA’s suggestion that judgment would have been automatically entered in its favor had the evidence been introduced merely assumes that the trial judge’s finding for the tenant was predicated exclusively on the absence of evidence of the results of the grievance hearing. That assumption is, in turn, based solely on the informal, gratuitous comments and questions by the judge during closing arguments. Such extemporaneous remarks did not, however, constitute an official statement of the court’s subsidiary findings and rulings. Sundex, Ltd. v. Antifonario, 1997 Mass. App. Div. 187, 188; Stamos v. Jacobsen, 1987 Mass. App. Div. 185, 185-186 and cases cited. The trial judge did not make written findings of fact, and was not required to do so. Mass. R. Civ. P., Rule 52(c). See also Tamber v. Desrochers, 45 Mass. App. Ct. 234, 238 (1998); Antonucci v. Forg, 1996 Mass. App. Div. 25. More significantly, CHA failed to file Mass. R. Civ. P., Rule 64A, requests for rulings of law which would have served to delineate the actual basis of the court’s ultimate finding for the tenant. Cooperstein v. Turner Bros. Construc., Inc., 1992 Mass. App. Div. 248, 250-251 and cases cited.
Moreover, even if the evidence had been admitted, the record before us would have warranted a finding for the tenant. As CHA correctly acknowledges, its federal public housing lease with the defendant created a “tenancy by regulation,” Spence v. O’Brien, 15 Mass. App. Ct. 489, 496 (1983), subject to relevant provisions of the United States Code and Code of Federal Regulations. The disposition of CHA’s summary process action depended on whether the defendant’s tenancy was validly terminated in compliance with lease and regulatory requirements. Spence v. Gormley, 387 Mass. 258, 259 n.2 (1982). Federal regulations mandate that a tenancy shall not terminate until the grievance process has been completed.[4] Paragraph 25 of the lease specifically prohibits even service of a notice of termination, much less a summary process action, prior to decision by the grievance hearing panel. In this case, CHA served the tenant with a notice to quit prior to the expiration of the time in which the tenant could even claim a grievance. The tenant did file a subsequent request for a hearing on May 4,1999. This action was filed on May 24, 1999. The grievance hearing was not held until late June. As CHA itself stated in both the trial court and in its brief on this appeal, “the CHA lease and federal regulations would prevent the CHA from proceeding with a summary process action until the grievance procedure is complete.”
Accordingly, there was no abuse of discretion in the judge’s denial of CHA’s motion to reopen the trial.
2. CHA also argues that the judgment for the tenant was error because the judge improperly shifted the burden of proving compliance with tenancy termination requirements to CHA and ignored the necessary presumption of the housing authority’s compliance with all applicable rules. It is unnecessary to address the merits, or lack thereof, of these contentions. Issues and arguments cannot be presented for the first time on appeal. E.H.S. v. K.E.S., 424 Mass. 1011, 1012 (1997); Cheschi v. Boston Edison Co., 39 Mass. App. Ct. 133, 139 (1995). CHA effectively *238 waived appellate consideration of these contentions by failing to file requests for rulings of law to raise these issues in the trial court and preserve the judge’s rulings for appeal. Mark Moore Homes, Inc. v. Tarvezian, 1998 Mass. App. Div. 171, 172; Ducker v. Ducker, 1997 Mass. App. Div. 147, 148. In the absence of findings and rulings, CHA’s objections to the court’s judgment for the tenant present no issue of law for appellate review. Johanson v. Aldridge, 1999 Mass. App. Div. 182, 182-183; Macone Bros., Inc. v. Strauss, 1997 Mass. App. Div. 95, 96-97.
Judgment affirmed. Appeal dismissed.
So ordered.

 The increase was allegedly attributable to the addition to the tenant’s income of child support payments received by her daughter and temporary S.S.I. benefits received by her son.

 CHA has failed to include a copy of the notice to quit in its appendix. See, as to appellant’s duty to present accurate and complete trial court record, Cameron v. Carelli, 39 Mass. App. Ct. 81, 84 (1995). There was testimony that the notice to quit informed the tenant that she had seven days in which to request a grievance hearing as to tenancy termination. See 24 CFR 966.4(1) (3) (ii) (‘"When the [public housing agency] is required to afford the tenant the opportunity for a grievance hearing, the notice [of lease termination] shall also inform the tenant of the tenant’s right to request a hearing in accordance with the ... grievance procedure.”)

 Paragraph 25 of the parties’ lease expressly provides, in pertinent part: “If RESIDENT properly requests a grievance hearing and the Hearing Panel upholds the decision to terminate the tenancy, the CHA shall not serve a notice of termination prior to mailing or serving a copy of the panel decision to the RESIDENT.”

 “When the PHA [public housing agency] is required to afford the tenant the opportunity for a hearing under the PHA grievance procedure for a grievance concerning the lease termination ..., the tenancy shall not terminate (even if any notice to vacate under State or local law has expired) until the time for the tenant to request a grievance hearing has expired, and (if a hearing was timely requested by the tenant) the grievance process has been completed.” 24 CFR 966.4(1) (3) (iv).