Curtin, J.
This is a Dist/Mun. Cts. RAD.A, Rule 8C appeal of the judgment in two consolidated cases which arose out of a motor vehicle accident on September 17,1995. Plaintiff Nelson Baez (“Baez”) sustained injuries as a passenger in a vehicle operated by Luis Arequipeno (“Arequipeno”) which was struck by a taxi operated by defendant Rentville Hall (“Hall”) and owned by defendant Orient Enterprises, Inc. (“Orient”). Baez commenced suit against Hall, Orient and Arequipeno on April 5, 1996 (Brighton Division #9608-CV-0106). Eight months later, Arequipeno filed an action against Hall and Orient (Brighton Division #9608-CV-0358).
Arequipeno’s motion to consolidate the two cases was allowed on October 1, 1997, and the actions were tried together on March 10,1999. In a single decision issued on April 15,1999 and captioned “Findings of Fact, Rulings of Law & Order for Entry of Judgment,” the trial judge found in favor of both plaintiffs. The judge’s findings included the following:
On September 17,1995, Nelson Baez was a front seat passenger in an Audi automobile owned and operated by Lids Arequipeno. The Audi approached Washington Street, a major thoroughfare, onto which Arequipeno intended to turn left Arequipeno stopped before entering the intersection. Seeing no traffic approaching from his left, Arequipeno pulled out onto Washington Street As he reached the center of the roadway and prior to entering the lane onto which he intended to turn, he stopped as a number of cars were approaching from his right
As Arequipeno waited for traffic to clear from that direction, a taxi cab operated by the defendant, Rentville Hall, began to approach from the other direction ... As the cab approached, the Audi remained stationary across its lane of travel. The cab failed to stop and struck the driver side door and the front tire area of the Audi. As a result of the impact, the Audi was moved several feet and its radiator was ruptured ... Both Baez and Arequipeno, each of whom were seat belted, were violently thrown within the passenger compartment as a result of the collision, striking each other and the vehicle’s interior.
The judge assessed damages for Baez in the amount of $9,050.00 and for Arequipeno in the amount of $7,200.00, which reflected a twenty (20%) percent reduction for comparative negligence on the part of Arequipeno. Hall appeals from *240 the entry of those judgments.
1. The sole issue posited for review in Hall’s brief is whether the trial court “erred in failing to apply, in their entirety, the applicable Massachusetts laws germane to the disposition of a legal matter.” Nothing in that inexcusably over broad statement, or in the two pages of written argument, devoid of case citation, which Hall presents effectively identifies any issue of law of which he is entitled to appellate consideration or on which he can prevail.
Hall argues that the trial court failed to apply those rules governing the right of way of vehicles at intersections which are prescribed by G.L.c. 89, §8. First, Hall’s request for ruling number 2 dealt with that portion of §8 which governs vehicles entering an intersection at the same time.[2] The trial judge acknowledged the principle set forth in the statute by allowing request number 2, and Hall cannot now claim to be aggrieved by the allowance of his own request Dowse, Inc. v. Brockunier, 1992 Mass. App. Div. 44, 47, citing Korb v. Albany Carpet Cleaning Co., 301 Mass. 317, 318 (1938) and Woodman v. Haynes, 289 Mass. 114, 118 (1935). Further, as is evident from the judge’s findings, Hall’s and Arequipeno’s vehicles did not enter the intersection simultaneously, and thus request number 2 was ultimately inapplicable to the facts found.
Similarly, Hall contends that he was entitled to a finding in his favor based on other provisions of G.L.C. 89, §8 as well as G.L.c. 89, §9 and 211 C.M.R 74.04(08).[3] Hall failed, however, to file requests for rulings on the legal principles he now advances, and thus forfeited appellate review of the same. Cambridge Hous. Auth. v. Wedge, 2000 Mass. App. Div. 235, 237-238; Mark Moore Homes, Inc. v. Tarvezian, 1998 Mass. App. Div. 171, 172. In any event, the principles upon which Hall relies are, again, immaterial in view of the facts found. The trial judge concluded that before Arequipeno entered the intersection, he stopped and then determined that there were no vehicles approaching from his left Hall’s arguments about failing to stop for traffic signs and signals, or failing to yield the right of way to oncoming traffic are simply irrelevant
Finally, Hall would not have been automatically entitled to a judgment in his favor, as he seems to suggest even if it had been determined that Arequipeno violated G.L.c. 89, §8 or §9. It is familiar law that a violation of a statute or regulation is merely evidence of negligence, and is not conclusive of liability or fault See, generally, Vickowski v. Polish Amer. Citizens Club of Town of Deerfield, Inc., 422 Mass. 606, 612-613 (1996); Matteo v. Livingstone, 40 Mass. App. Ct. 658, 659 (1996); Anderson v. Peter Pan Bus Lines, Inc., 2000 Mass. App. Div. 221.
2. As best it can be determined, the real thrust of Hall’s argument on appeal is that the judge’s findings were clearly erroneous, and that he was entitled to a judgment in his favor as a matter of law. Once again, as Hall failed to file either a Mass. R Civ. E, Rule 64A(b) (2), request for ruling that the evidence required a finding in *241 his favor, or a Mass. R. Civ. E, Rule 41(b) (2), motion for involuntary dismissal at the close of the plaintiffs’ cases, the issue of the legal sufficiency of the evidence to permit the court’s finding for the plaintiffs is not open on this appeal Worcester County Nat'l Bank v. Brogna, 386 Mass. 1002, 1002-1003 (1982); Kimball v. Liberty Mutual Ins. Co., 1999 Mass. App. Div. 298, 299-300.
Nor is there any basis for a consideration of whether there was support in the evidence for the trial judge’s findings of feet No transcript has been included in the record. Not even a summary of the evidence appears. The statement of facts in Hail’s own brief is literally limited to two sentences which indicate only that the parties’ vehicles collided and the plaintiffs were injured. Thus Hall effectively precluded the very appellate consideration he now seeks by failing to discharge his responsibility, as appellant, “to have the transcript prepared and to include it in an accurate and complete trial court record upon which the issues presented on appeal may be reviewed.” Sundex, Ltd. v. Antifonario, 1997 Mass. App. Div. 187, 188, and cases cited. See also Harvard University v. Goldstein, 1999 Mass. App. Div. 67, 68.
Appeal dismissed.
So ordered.

 Request number 2 stated: “When two motor vehicles approach or enter an intersection at approximately the same instant the operator of the vehicle on the left shall yield the right of way to the vehicle on the right G.L.c. 89, Sec. 8.”

 Section 9 of G.Lc. 89 requires a motorist to stop for traffic control signs and signals. Hall also relies on that portion of G.L.c. 89, §8 which states: “any operator intending to turn left, in an intersection, across the path or lane of vehicles approaching from the opposite direction shall, before turning, yield the right-of-way until such time as the left turn can be made with reasonable safety.” Finally, Hall quotes 211 CMR 74.04 (08) as follows: “The operator of a vehicle subject to the Safe Driver Insurance Plan shall be presumed to be more than 50% at fault when the operator fails to obey a traffic control signal or sign, or fails to proceed with due caution therefrom, and when his vehicle is thereafter in a collision with another vehicle.”