Coven, J.
Following a jury-waived summary process trial, the court found for the defendants on the plaintiffs’ claim for possession based on the determination that the plaintiffs failed to make proper service of a thirty-day notice to quit. The judge also found for the defendants on their respective counterclaims.
The plaintiffs filed this Dist./Mun. Cts. R. A. D. A., Rule 8C, appeal of the judgment for the defendants on their counterclaims. Specifically, the plaintiffs argue that (1) because the trial judge found that the tenancy was not terminated due to the plaintiffs’ insufficient notice to quit, there was no termination of the tenancy and G.Lc. 239, §8A counterclaims could not be brought; (2) even if the defendants were permitted to bring counterclaims based on the condition of the premises, damages were precluded because the conditions could not be remedied without the premises being vacated; and (3) the award of damages to defendant Brian Shatford exceeded the amount he requested and was beyond the scope of the relief he sought.
1. In neglecting to file any requests for rulings of law, the plaintiffs failed to preserve properly any issue of law for appellate review. Mark Moore Homes, Inc. v. Tarvezian, 1998 Mass. App. Div. 172, 174. Thus, they forfeited any right to a consideration of their arguments by this Division. Baez v. Hall, 2001 Mass. App. Div. 239, 240; Boston Spine Clinics, Inc. v. Middlesex Ins. Co., 1999 Mass. App. Div. 295, 296. However, we have elected in our discretion to consider the appeal at least to the extent of determining whether there has been any miscarriage of justice. G.L.c. 231, §110. See Mitchell v. Tilton, 2001 Mass. App. Div. 13, 14.
Section 8 of G.L.c. 239 provides in pertinent part:
In any action under this chapter to recover possession of any premises rented or leased for dwelling purposes, brought pursuant to a notice to quit for nonpayment of rent, or where the tenancy has been terminated without fault of the tenant or occupant, the tenant or occupant shall be entitled to raise, by defense or counterclaim, any claim against the plaintiff relating to or arising out of such property, rental, tenancy, or occupancy for breach of warranty, for a breach of any material provision of the rental agreement, or for a violation of any other law.... Whenever any counterclaim or claim of defense under this section is based on any allegation concerning the condition of the premises or the services or equip *195 ment provided therein, the tenant or occupant shall not be entitled to relief under this section unless:... (4) the plaintiff does not show that the conditions complained of cannot be remedied without the premises being vacated. ...
The plaintiffs’ first argument is that recovery on the defendants’ counterclaims should be denied because of the plaintiffs’ own failure to effect a proper termination of the tenancy. The plaintiffs rely on that portion of the statute which provides that a tenant is entitled to raise a counterclaim when an eviction action is either ‘brought pursuant to a notice to quit for nonpayment of rent, or where the tenancy has been terminated without fault of the tenant.” The plaintiffs ask us to separate a nonpayment action from a no-fault action; and to hold that regardless of the outcome in a nonpayment action, a tenant’s counterclaims may be adjudicated, but that counterclaims properly raised in defensive pleadings in a no-fault eviction action must be dismissed if the landlord’s termination of the tenancy is ultimately adjudged to have been improper. Accepting the plaintiffs’ assertion that the language of G.L.C. 239, §8 is unambiguous, we reject their interpretation of the statute. “An unambiguous statute must be construed according to its plain language unless such a construction would produce an absurd result.” Murphy v. Department of Correction, 429 Mass. 736, 738 (1999).
The plaintiffs’ construction of the statute would produce such a result. Under that construction, a notice to quit could be served, a summary process action commenced, a formal answer setting forth defenses and counterclaims filed, discovery obtained, evidence presented to a factfinder, evidentiary weight and credibility assessed by that factfinder, and an adjudication made that the tenants were entitled to prevail on their counterclaims. After the expenditure of all those trial court resources, the tenant’s meritorious counterclaims would, according to the plaintiffs, have to be dismissed because of the landlord’s failure to have terminated the tenancy effectively. We reject the plaintiffs’ construction of the §8 phrase “where the tenancy has been terminated without fault of the tenant” which would require a determination of the defendants’ right to bring counterclaims at the end of the litigation process rather than at the beginning, when such claims are filed. The Legislature could not have intended the courts to proceed from commencement of an action through final judgment only to have, as an end result, a nullity.
Turning to the plaintiffs’ second argument, we note that the evidence would warrant a finding that the plaintiffs rented to each defendant a separate, distinct area of a dwelling, with the areas separated by a common door. The evidence also indicated that the local building department inspected the premises five days after the plaintiffs’ alleged service of a notice to quit. The inspection report concluded that the plaintiffs’ division of the premises into two units violated the zoning laws; and that as a result of the zoning and other violations, the premises needed to be vacated.
Based on the local building department’s conclusion that the defendants should vacate the premises, the plaintiffs argue that the trial court was precluded from awarding any counterclaim damages under that portion of G.L.c. 239, §8A, which states that a “tenant or occupant shall not be entitled to relief... unless ... (4) the plaintiff does not show that the conditions complained of cannot be remedied without the premises being vacated. ...” We disagree. Certainly, as indicated in the inspection report, the premises would have to be vacated to bring the property back into compliance with zoning requirements if no special zoning permit were obtained. However, the trial judge did not err in finding that the plaintiffs did not satisfy their §8A burden. In Singer v. Opuka, 1999 Mass. App. Div. 12,[3] it was deter *196 mined that a tenant of a rooming house could not advance §8A counterclaims where the landlord had established that the city had determined that the operation of the rooming house was illegal and the landlord could not obtain “legal sanction” for that use of the property “by license, special permit, variance or otherwise.” Id. at 13. Thus, in that case, the illegal condition could not be remedied without the vacating of the premises. In this case, the plaintiffs merely relied upon the building department’s report. There was no evidence offered of any attempt to seek a special permit.[4]
Finally, we find no miscarriage of justice in the damages awarded to defendant Shatford.
Appeal dismissed.
So ordered.

 In view of our decision, it is unnecessary to address the applicability of Singer to a situation where the landlord is deemed not entitled to possession, or where the tenant does not seek possession.

 Although the report listed other violations, such as a blocked egress and issues related to smoke detectors, water supply, electrical problems and handrail violations, no evidence was offered that the correction of these violations would have required the defendants to vacate the premises.